Curtis *v.* Avon, Geneseo and Mount Morris Railroad Company.

CURTIS *vs.* THE AVON, GENESEO AND MOUNT MORRIS RAILROAD COMPANY.

A service of a summons on a director of a corporation is regular, and will give the court complete jurisdiction of the parties.

An agent of a railroad corporation, having charge of a depot, and the freight therein, is the proper person to inquire of, respecting lost baggage; and his answer is part of the evidence of the loss, and admissible, as *res gestæ.*

So, in regard to an arrangement between a passenger and the baggage master, at a station, that the baggage of the former may remain at the depot, and that the latter will see to it until it can be sent for.

Curtis *v.* Avon, Geneseo and Mount Morris Railroad Company.

In an action by a passenger, against a railroad company, to recover for lost baggage, evidence to show that the passenger was lame, and unable to take charge of his baggage, personally, is admissible, as tending to prove that he was guilty of no negligence in not calling for, and taking charge of, his baggage, upon the arrival at his place of destination ; and as furnishing a good reason for making an arrangement with the agents of the railroad company that it should remain in the custody of the company until called for.

Where a passenger, on arriving at his destination, neglects to look after his baggage, and negligently leaves it, without any arrangement that the carrier shall retain it for him, and it is lost while thus situated, without fault on the part of the carrier, the latter is not liable.

But where there is no delivery of baggage carried upon a railroad, to the passenger, and no neglect to claim it, or inquire for it, but on the contrary the company's agents agree to retain it until it can be sent for, the company's liability as a common carrier continues after the baggage is taken from the cars, and until it is delivered or tendered to the owner.

THIS action was commenced before a justice of the peace of Livingston county, to recover of the defendant the value of certain baggage belonging to the plaintiff delivered to the defendant for transportation as a carrier, and claimed to have been lost, through its negligence. The facts were these : The plaintiff's minor son, a cripple, unable to carry his baggage, was placed on board the defendants' cars at Avon, and his fare paid to Mount Morris ; on arriving at that place, the son informed the baggage man that he could not take away his baggage until he could go home, and his father would come after it. The plaintiff was not at home when his son arrived, on Saturday afternoon, but came home between that time and Monday, and on Monday morning went to the station for the baggage and it was not to be found. The keeper of the station house had put the baggage into the room occupied by passengers, where they usually left baggage and allowed any person to take baggage away. The doors were open in the day time, and the station man was absent, occasionally, from the room. There was a warehouse attached to the depot, but the baggage was not put into the warehouse. On the trial the plaintiff was called and sworn as a witness in his own behalf, and testified as follows : " I reside in Mt. Morris.

I had a son at Avon last fall on account of his health. He went on the defendants' road to Avon. They run trains regularly from Mount Morris to Avon and back every day. My son is 13 years of age. He came from Avon home the latter part of September last. He had baggage ; I was not at home when he returned. I came home soon after, and went to the railroad depot. I here saw Mr. Booth. He is an agent at the depot for the company, and takes charge of the station. There is a building at the station, called the depot, at Mount Morris ; this is what he is in charge of for the company." The plaintiff here proposed to show what was said by Booth to witness, and what took place in relation to this baggage. The defendants objected to the plaintiff proving what was said by Booth to the plaintiff in relation to this baggage. Objection overruled by the court and the witness was allowed to answer. The defendants excepted. Answer. "I was there on the Monday following my son's return home, I think. I asked Booth for the baggage ; he said he did not know any thing about it ; we then went and looked for it in the wareroom ; told him what it was done up in ; he then said he remembered it, saw it when it went down to Avon, but said he could not find it ; told me he never had had it." The plaintiff here proposed to prove by the witness that his minor son is a cripple and unable to have taken away his baggage. Objected to as immaterial. Objection overruled by the court and evidence admitted. Defendants excepted.

H. H. Curtis, the plaintiff's son testified that after his arrival at the Mount Morris depot he had a conversation with William Leming, the baggage man, about his baggage, and asked him if he would not see to his baggage ; and that Leming said he would. This testimony was objected to, but admitted by the court.

The only proof of service of the summons was by the constable, who certified that he personally served the same on

Curtis *v.* Avon, Geneseo and Mount Morris Railroad Company.

George S. Whitney, one of the directors of the Avon, Geneseo and Mt. Morris Railroad Company at a specified date.

The plaintiff recovered a judgment for $45 and costs. On appeal to the county court of Livingston county, the judgment of the justice was affirmed, and the defendants appealed to this court, from the judgment of the county court.

*R. P. Wisner,* for the appellant. I. The return ·of the constable conferred no jurisdiction upon the justice who rendered the judgment. The objection was made in due season, and the defendant lost nothing by defending. (11 *Barb.* 309. 9 *id.* 60.)

II. The justice erred in allowing evidence of the conversations had with the witnesses, Booth and Leming. It was hearsay. (24 *Barb.* 414.) These persons were both competent witnesses, and should have been called. (19 *Wend.* 232.)

III. The evidence that the condition of the boy having charge of the baggage was such that he could not take it away, was improperly received. The defendant's rights could not be affected by it. This evidence was the controlling point before the justice. (19 *Wend.* 232. 9 *Barb.* 624. 11 *How.* 95.)

IV. The witness, Burton, was allowed to give his opinion of the value of a part of the property, without having any knowledge of it.

V. The undertaking of the company was performed and they were discharged from liability. (34 *N. Y. Rep.* 548.)

*A. M. Bingham,* for the respondent. I. The first point raised in the notice of appeal in this case, is, that the court did not acquire jurisdiction, by the return of the constable. A summons may be served on a corporation by serving it on a director. (*Code,* § 134, *subd.* 1.) And it is provided by *chap.* 282, *Laws of* 1854, that railroad corporations shall designate some person in each county on whom justices' court process may be served, and " service on such person shall be

as valid as though made on a director." This act does not interfere with service upon a director where such service can be made.

II. The return of the constable, shows personal service on a director, and such return is prima facie evidence of the service, and of the official capacity of the director. (*New York and Erie Railroad Co.* v. *Purdy,* 18 *Barb.* 574. *Wheeler* v. *N. Y. and Harlem Railroad Co.,* 24 *id.* 414.)

III. The second and fourth points are objections to evidence of the plaintiff's conversations with Booth, the defendants' agent, who took the baggage from the platform into the baggage room. The conversations allowed by the court were in reference to the loss of the baggage, and occurred at the time the plaintiff called for his baggage. This evidence was competent as a part of the *res gestœ.* (*McCotter* v. *Hooker,* 8 *N. Y. Rep.* 497.)

IV. The third and fifth points in the appeal, are objections to the evidence allowing the plaintiff to prove that his son was not able to carry his baggage with him from the depot, in consequence of being crippled, and was obliged to leave it until his father could come after it. This evidence was competent. The plaintiff had a resonable time to get away his baggage, and what is a reasonable time, will depend upon the circumstances of each particular case, and is a question of fact. This evidence was competent to show that there was no neglect on the part of the son, in going away and leaving his baggage until he could find his father and have him come after it. He informed the agent, also, that he could not carry it away, who agreed to see it taken care of until the father could come after it. This I do not conceive added to their duties anything new, as it was nothing but an agreement to do what they were already bound to do ; neither did it relieve the company from any responsibility, as was expressly adjudged in *Fenner* v. *Buffalo and State Line Railroad Co.,* (46 *Barb.* 103.)

V. The last point by the notice of appeal is "that the

judgment is not in accordance with the law as applied to the facts proven." This point requires an examination of the whole case. There is no dispute that the goods in question were taken on board the train at Avon as baggage, and brought to Mount Morris on Saturday afternoon, and when the plaintiff called for them Monday morning, they could not be found. The defendant claimed in the court below, that taking the goods from the car and landing them on the platform at the depot, constituted a delivery, but it has frequently been held otherwise. (*Price* v. *Powell*, 3 *N. Y. Rep.* 322. *Ostrander* v. *Brown*, 15 *John.* 39. *Cole* v. *Goodwin*, 19 *Wend.* 251. *Powell* v. *Myers*, 26 *id.* 591.) The owner of baggage has a reasonable time to get it away after its arrival at the place of destination, and what is a reasonable time will depend upon the circumstances of each case, and until such reasonable time has elapsed, the company are responsible. (*Price* v. *Powell, supra. Gould* v. *Chapin*, 20 *N. Y. Rep.* 259, 266. *Owners of the Mary Washington* v. *Ayres, Am. Law Reg. N. S. vol.* 5, *p.* 692.) What is a reasonable time, is a question of fact, upon which the court will not disturb the finding of the justice. (*Merrill* v. *Grinnell*, 30 *N. Y. Rep.* 594. 1 *Daly*, 197.)

VI. The company cannot change their character as common carriers, or relieve themselves from liability as such, until they have first given a reasonable time to take away the goods ; and secondly, if not called for in a reasonable time, they must have been safely deposited with some responsible warehouseman, before the defendants are discharged as common carriers. (*Gould* v. *Chapin*, 20 *N. Y. Rep.* 259, 267. *Michaels* v. *New York Central Railroad Co.*, 30 *id.* 564. *Mary Washington* v. *Ayres*, 5 *Am. Law Reg. N. S.* 692.)

*By the Court,* JOHNSON, J. The summons was properly served, as appears by the return, and the justice acquired thereby complete jurisdiction of the parties. A service on a

director of a corporation is regular. (*Code,* § 134. *Wheeler* v. *The New York and Harlem Railroad Co.* 24 *Barb.* 414. *The New York and Erie Railroad Co.* v. *Purdy,* 18 *id.* 574.)

The objection to the inquiry made of Booth, and his answer, was not well taken. Booth was the defendants' agent, and had charge of the depot and freight therein, at Mount Morris, when the baggage in question was lost. He was the proper person to inquire of, and his answer is part of the evidence of the loss. It is clearly *res gestæ.* So in regard to the arrangement between the plaintiff's son and Leming, the baggage master, that the baggage might remain at the depot, and he would see to it till it could be sent for. (*McCotter* v. *Hooker,* 4 *Seld.* 497.) But were this otherwise, the error would be cured, as both these agents were used as witnesses on behalf of the defendant, and testified to the same facts precisely, and to nothing different in any essential particular.

The evidence to show that the plaintiff's son was lame and unable to take charge of his baggage personally, was properly received. It tended to prove that he was guilty of no negligence in not calling for, and taking charge of, his baggage upon the arrival at his place of destination; and, also, a good reason for making the arrangement with the defendants' agents, that it should remain in the defendants' custody until called for.

Upon the merits, the defendants' liability was correctly determined. The case of *Roth* v. *Buff. and State Line R. R.* (34 *N. Y. Rep.* 548,) settles the rule that where a passenger on arriving at his destination, neglects to look after his baggage, and negligently leaves it, without any arrangement that the carrier shall retain it for him, and it is lost while thus situated, without fault on the part of the carrier, he is not liable. In the present case, there was no delivery of the baggage by the defendant, and no neglect to claim it, or to inquire for it, by the plaintiff's son. On the contrary, it was retained by the defendant on request, until it could be sent for. In this respect, the case is nearly identical, in its facts,

with that of *Powell* v. *Myers*, (26 *Wend.* 591,) which is not overruled in *Roth* v. *State Line Railroad Co.* (*supra*,) but is on the contrary conceded to be sound law. (*See also Hollister* v. *Nowlen*, .19 *Wend.* 234, and *Cole* v. *Goodwin*, *Id.* 251.) Upon the undisputed facts of the case, the defendant's liaility, as common carrier of the baggage in question, continued after such baggage was taken from the cars, and until it was delivered or tendered to the owner. The judgment must, therefore, be affirmed.

[MONROE GENERAL TERM, June 3, 1867. *Welles*, *E. D. Smith* and *Johnson*, Justices.]