JAMES H. ELMORE, Appellant, *v.* LEWIS G. SANDS, Respondent.

A railroad company has a right to provide and insist that its passenger tickets shall be used upon the day when issued ; also, that every passenger, when entering a train, shall pay his fare or produce a ticket showing his right to ride upon that train, and in enforcing such regulations neither it nor its employes are liable.

Whether a ticket is to be regarded as evidencing a contract, or as a token or voucher of the payment of fare only, the effect is the same. If the latter, it is the duty of the passenger, who desires not to pay upon the cars, to see that he has a proper voucher.

Plaintiff purchased a ticket of the L. I. R. R. Co., upon which was printed "Good this date only." The date of the purchase was stamped upon the ticket. He retained the ticket several days, and then entered the cars upon the road of that company; when called upon by the defendant, the conductor, for his fare, he presented the ticket, which defendant declined to receive, and, upon plaintiff's refusal to pay his fare, defendant, in obedience to the regulations of the company, put

him off from the train. In an action to recover the damages, the court directed a verdict for defendant. *Held*, no error.

(Argued September 18, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district in favor of the defendant, entered upon an order denying motion for a new trial and·directing judgment upon a verdict.

This action was brought against the defendant, a conductor upon the Long Island railroad, to recover damages for forcibly ejecting plaintiff from the cars of that road. The facts appear sufficiently in the opinion. The court directed a verdict for defendant; exceptions were ordered to be heard at first instance at General Term.

*Samuel Hand* for the appellant. Plaintiff's ticket should not be considered as a contract, but simply as a token· of the payment of his fare. (*Quimby* v. *Vanderbilt,* 17 N. Y., 306.; *Van Buskirk* v. *Roberts,* 31 id., 661; *Blossom* v. *Dodd,* 43 id., 264; *Rawson* v. *Penn. R. R. Co.,* 48 id., 212.;. *Prentice* v. *Decker,* 49 Barb., 21; *Lunburger* v. *Wescott,*. id., 283.; *Brown* v. *Erie R. Co.,* 11 Cush., 97.) The words "good for this date only," refer to the date when plaintiff commenced. his trip. (*Pier* v. *Finch,* 24 Barb., 514.) The regulation was wholly unreasonable, and therefore void. (*Beebe* v. *Ayres,* 28 Barb., 279.) It is in direct violation of law. (1 Laws 1867, p. 83, chap. 49.)

*A. J. Vanderpoel* for the respondent. Plaintiff's ticket was a contract which entitled him to a ride on the day of its date only. (*Barker* v. *Coffin,* 31 Barb., 556, 559; *Boyce* v. *H. R. R. R. Co.,* 61 id., 611; *B. & L. R. R. Co.* v. *Proctor,* 1 Al., 267; *North. R. R. Co.* v. *Page,* 22 Barb., 130; *Cheney* v. *B. & M. R. R. Co.,* 11 Met., 121; *Beebe* v. *Ayres,* 28 Barb., 275; *State* v. *Overton,* 4 Zab., 435; *McClure* v. *P: W. & B. R. R. Co.,* 34 Md., 532; *Compton* v. *Van Valkenburgh,* 34 N. J. [5 Vroom], 134.) A passenger who refuses.

to pay his fare, or to conform to any lawful regulation of the carrier, may be ejected by the carrier. (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y., 455; *People* v. *Caryl*, 3 Park Cr., 326; *McCarthy* v. *Dub., W. & W. R. Co.* [L. R.], 5 Irish Law, 244; *Downs* v. *N. Y. & N. H. R. R. Co.*, 36 Conn., 287; *Crocker* v. *N. L. R. R. Co.*, 24 id., 249; *O'Brien* v. *B. & W. R. R. Co.*, 15 Gray, 20.)

EARL, C. On the 16th of November, 1865, the plaintiff purchased, at Jamaica, a ticket for Hunter's Point upon the Long Island railroad. Upon the face of the ticket was printed, "Good this date only," and upon the back was stamped the date when it was issued. When the plaintiff purchased the ticket he intended to make the trip on that day, but his journey becoming unnecessary, he kept the ticket until the twenty-third of the same month, when he entered the cars at Jamaica to go to Hunter's Point. When called upon by the defendant as conductor for his fare, he produced the ticket; the defendant declined to receive the same on the ground that it had been issued some days before, and demanded of the plaintiff the payment of his fare, and the plaintiff refusing to pay, the defendant, using no unnecessary force, and in obedience to the regulations of the company, put him off from the train.

Upon these facts the judge at the circuit directed a verdict for the defendant, and the question for our consideration is, whether he erred in this direction. Railroad companies carrying passengers have the right to make reasonable rules and regulations for conducting their business, and they and their agents incur no liability in enforcing them in a proper manner. It does not appear that the plaintiff was obliged to purchase the ticket before he could enter the cars. He had his option either to pay upon the train or to purchase the ticket and exhibit that as evidence of his right to ride. The railroad company was not bound to issue the ticket in advance of the day on which it was to be used, and had the right to insist and provide that it should be used on the day

when it was issued. It had the right to make a rule that every passenger, when he entered the train, should pay his fare or produce a ticket showing his right to ride upon that train. Such a regulation is neither unreasonable nor illegal. It is not an uncommon one, and it is not important that we should perceive all the purposes which it subserves. It is sufficient that it is apparently useful for some purpose. If the ticket be required to be used on the day it is issued, the passenger cannot well use it for more than one trip, and the railroad company will have some information of the number of passengers to provide for on any day. Without such a limitation a conductor might, for aught I can see, permit a passenger to ride for several days, and then take up and return the ticket.

In enforcing this regulation, therefore, the defendant incurred no liability, and this conclusion is reached whether we regard the ticket as evidencing a contract or as a token merely. If the former be the case, then, by the terms of the contract, it was good only for a passage on the day of its date; if the latter, then the plaintiff was bound to pay his fare, as he had no token showing that he was entitled to ride in that train. I am, however, of the opinion that the ticket was, as claimed by the learned counsel for the appellant, a mere token or voucher, showing that the plaintiff had paid his fare and was entitled to a passage as thereon indicated. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Van Buskirk* v. *Roberts*, 31 id., 661; *Rawson* v. *Penn. R. R. Co.*, 48 id., 212.) These views are not in conflict with the decisions made in *Blossom* v. *Dodd* (43 N. Y., 264) and *Rawson* v. *Penn. R. R. Co.* (48 id., 212). In those cases the plaintiffs were sought to be held to contracts of which they knew nothing, and to which they had not expressly or impliedly assented. Here the words "good this date only" were plainly printed on the face of the ticket; the plaintiff had had the ticket in his possession for several days, and there is no proof that he did not know its terms. He must be presumed to have known them. But, whether he did or not, he knew that he was bound to

pay his fare or present a suitable voucher. A passenger should see to it, if he prefers not to pay in the cars, that he has a proper voucher. If he does not, he cannot complain if the conductor, in obeying the regulations of his company, puts him off the train.

The conclusion I have thus reached is sustained by the following authorities: *Boston and Lowell R. R. Co.* v. *Proctor* (1 Allen, 267); *Barker* v. *Coflin* (31 Barb., 556); *Boice* v. *The Hudson River Railroad Co.* (61 id., 611); *Shedd* v. *The Troy and Boston Railroad Co.* (40 Vt., 88); *Dietrich* v. *Pennsylvania Railroad Co.* (71 Pa. St., 432), and many other analogous cases.

The judgment must be affirmed, with costs.

All concur; LOTT, Ch. C., not sitting.

· Judgment affirmed.