## WENTZ v. ERIE RAILWAY COMPANY.

*Common carrier — Railroad ticket — when condition limiting time to use valid.*

A lay-over ticket issued by a railroad company gave the holder the rights of a passenger." if used within five days from date." *Held*, that the limitation was valid and was not waived by the checking of the holder's baggage and the punching of the ticket by a baggageman of the company.

MOTION by defendant for a new trial on exceptions ordered to be heard in the first instance at general term.

The action was brought by George W. Wentz against the defendant to recover damages for ejection from defendant's train.

The plaintiff was ejected from a passenger train, by the conductor, for refusing to pay his fare. He put his right to remain on the train on his possession and presentation to the conductor of a lay-over ticket, reading as follows:

"Erie Railway Company. Lay-over ticket. This lay-over ticket is issued subject to the rules and regulations of the Erie Railway Company. See other side.

"JOHN N. ABBOTT,
"*General Ticket Agent.*"

On the back of the ticket was printed:

"Erie Railway Company. Rules and regulations respecting lay-over tickets. The *stop-over* privilege will be granted only upon such forms of tickets and at such principal stations as the company shall designate. Timely notice of desire to stop over must be given by the passenger to the conductor. If consistent with the company's rules the conductor will thereupon issue a lay-over ticket in exchange for the original ticket. The lay-over ticket thus issued will be valid only for a continuous passage between the stations punched out, and in the direction named, if used within five days from date. If not used within five days it may be sent to the general ticket agent of the company, at New York, for redemption. Local fare for the distance traveled will be retained by the company and the balance promptly remitted to the address of the passenger. No

further privilege of stop-over will be granted upon this ticket. By order of the board of directors.

"JOHN N. ABBOTT,

"*General Ticket Agent.*"

The time to which the ticket was limited expired six days before the transaction complained of occurred. Immediately prior to his going upon the train the plaintiff presented the ticket to the baggage-master at the station, who checked his baggage and punctured the ticket in the usual way. The judge at the circuit held, that inasmuch as the baggage-master had recognized the ticket as valid, by checking the plaintiff's baggage, on its production to him at the station, the plaintiff was therefore rightfully on the train, and his expulsion by the conductor, on his refusal to pay fare, was wrongful, and entitled him to recover; and further, that the only question for the jury was the amount of damages to be awarded. The jury assessed the plaintiff's damages at $51.

As an excuse for not using the ticket within the time limited for its use the plaintiff attempted to show that the defendant's trains did not run, by reason of a "*strike*" by their employees. But the evidence made the case, on this branch of it, against the plaintiff. Under the ruling of the court, however, this became unimportant.

*Hart & McGuire*, for plaintiff.

*D. C. Robinson* and *E. F. Babcock*, for defendant.

BOCKES, J. The defendant had the right to limit the time within which the passenger ticket should be recognized by the conductor as valid. This is now firmly and finally fettled. *Elmore* v. *Sands*, 54 N. Y. 512. The time limited by the ticket held by the plaintiff, and on which he claimed the right of a passenger, had expired; therefore, unless such limitation had been duly waived, or the time therein specified had been extended, the plaintiff was subject to the call of the conductor for his fare; and the latter had the right to eject him on his refusal to pay. But it is insisted that the limitation specified on the face of the ticket was waived by the baggage-master's recognition of it, and that it remained in force at the time of the plaintiff's expulsion from the train. The learned judge so held at the circuit. This ruling was, as I think, erroneous. The duties devolv-

ing upon the baggage-master pertained to baggage only; nor did it appear that he assumed to exercise any other.    He did simply what he was employed to do by the company, and was asked to do by the plaintiff — checked the baggage.    With the regulation which required him to puncture the ticket the plaintiff had no concern. That was a matter wholly between the employer and the employee. The baggage-master had no right to sell or dispose of passes or tickets to passengers, or to change or waive the terms, conditions or limitations of such as were issued by those authorized to deliver them.    He was a special agent.    His duties pertained to matters of a special character — those connected with the baggage department. He had no supervision over passengers.    He could neither give or refuse them any personal rights or privileges as passengers on the train.    With the rules and regulations under which the trains were run, and by which passengers were bound while on the train (having no connection with the baggage), he had no concern.    Nor were any rights, privileges, rules or regulations pertaining to the person of passengers ostensibly within the scope of his duties.    There were other officers whose employment and recognized agencies embraced the performance of duties belonging to those matters. The rule that the apparent authority conferred by a principal upon an agent will be held to be the real authority, as between the principal and those dealing with the agent in good faith, has no application here.    The apparent authority of the baggage-master extended only to due attention to the baggage of passengers, nor did he assume to possess or exercise any other.    He could not be presumed to have any other powers than those which the nature of the business in which he was engaged required to be exercised, and those did not extend to the right of the person of passengers on the train.

It follows from these considerations of the case, that the learned judge was in error in holding, that the baggage-master might, and in this case did, bind the defendant to a waiver of the limitation specified on the ticket for its use.    The plaintiff showed no right to remain on the train without answering the call of the conductor for payment of his fare.    On his refusal to pay fare, the conductor could lawfully expel him from the cars.    This conclusion necessarily leads to the granting of the motion for a new trial.

The case need not be considered on the plaintiff's excuse for not using the ticket within the time limited for its use.    It is however difficult to see, how even a direct refusal by the defend-

ant to carry the plaintiff on the ticket *within the time* specified thereon, would justify him in remaining on the train at *a future time*, without answering the conductor's call for fare. But it is not proposed to discuss that subject here.

A new trial is granted, with costs to abide the event.

*New trial granted.*