ALONZO H. GALE, PLAINTIFF, v. THE DELAWARE, LACK-AWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

*Railroad ticket* — " *good for this day and train only* " — *rights of passenger under.*

A party who purchases a ticket, bearing on its face the words " good for this day and train only," and dated of the day issued, can select any train on that day he desires, to ride from and to the places stated, but has no right to ride part of the way on one train, and the residue on another train ; and if he attempts so to do an action will not lie against a company for the act of the conductor in putting him off the second train.

EXCEPTIONS, taken to a dismissal of the plaintiff's complaint at the Circuit, ordered to be heard in the first instance at the General Term.

On the 27th of January, 1874, at Summit, in New Jersey, the plaintiff purchased a ticket for a passage over the defendant's railroad from . Summit to New York. The ticket bore upon its face these words : " Good for this day and train only," and was dated January twenty-seventh. On that day the plaintiff got upon one of defendant's trains at Summit, and began his passage to New York, riding as far as a station called Orange Junction, where, for his own convenience, he

stepped off. Between Summit and Orange Junction his ticket had been " punched " by the conductor. Later in the day the plaintiff got upon another train of the defendant, at Newark, to complete his journey to New York. He offered the conductor his punched ticket. The conductor said it was not good, as it had been used, and that plaintiff must pay his fare. Plaintiff refused to do so. Thereupon the conductor stopped the train and put the plaintiff off, " he resisting all the way."

Upon these facts Judge PRATT, at Circuit, dismissed the complaint, and ordered the plaintiff's exception to be heard in the first instance at the General Term.

*W. Henry Gale* and *Theo. N. Melvin*, for the plaintiff, cite : *Pier* v. *Finch* (24 Barb., 514–516); *Palmer* v. *Charlotte, etc., C. R. R. Co.* (3 So. Car. [N. S.], 580); *B. O. R. R. Co.* v. *Blocher* (27 Maryland, 277); *Townsend* v. *N. Y. C. and H. R. R. R. Co.* (4 Hun, 219); *Dana* v. *Munro* (38 Barb., 528); *Fullerton* v. *Dalton* (58 id., 236); *Rawson* v. *P. R. R. Co.* (48 N. Y., 212); *Quimby* v. *Vanderbilt* (17 id., 306); *Nevins* v. *B. S. S. Co.* (4 Bosw., 234).

*Hamilton Odell*, for the defendant, cites: *Barker* v. *N. Y. C. R. R. Co.* (24 N. Y., 599); *Van Buskirk* v. *Roberts* (31 id., 666); *Sears* v. *Eastern Co.* (14 All., 436); *Dietrich* v. *Penn. Co.* (71 Pa., 432); *Elmore* v. *Sands* (54 N. Y., 512); *Boice* v. *H. R. R. Co.* (61 Barb., 511); *O'Brien* v. *B. and W. Co.* (15 Gray, 20); *B. and L.* v. *Proctor* (1 All., 267); *Beebe* v. *Ayres* (28 Barb., 275); *Barker* v. *Coffin* (31 id., 556); *Shedd* v. *B. and T. Co.* (40 Vt., 88); *McClure* v. *P., W. and B. Co.* (34 Md. 532); *Churchill* v. *C. and A. Co.* (Ill.) (3 Am. Railway Rep., 433); *Pier* v. *Finch* (24 Barb., 516, 517); *Hamilton* v. *N. Y. Cent.* (51 N. Y., 104).

DYKMAN, J.:

The defendant operates a railroad from Summit, in the State of New Jersey, to Jersey City. On the 27th day of January, 1874, the plaintiff purchased a ticket of the defendant's agent at Summit for a passage over the defendant's railroad from that place to New York city. The date, January 27, 1874, was stamped on the

ticket, and with other printed matter on the ticket were these words: " Good for this day and train only." For this ticket the plaintiff paid fifty-five cents. After he had procured the ticket he took a seat in one of the defendant's trains, which left Summit at 8.10 o'clock in the morning of the same day, and rode on that train to a place called Orange Junction.

Between Summit and Orange Junction the conductor of the train had taken the plaintiff's ticket and punched it, and handed it back to him, and he kept it in his possession. At Orange Junction the plaintiff left the train voluntarily, and went by other convey-ance to Newark on the line of defendant's road. At Newark the plaintiff got on another train of cars of defendant, which was proceeding to New York on the same day, for the purpose of con-tinuing his journey, and offered the conductor of this train this same ticket which had been punched by the conductor of the former train. The conductor refused to receive it on the ground that it had been used, and demanded payment of the plaintiff's fare; the plaintiff refused to pay and was put off of the train, and has brought this action to recover his damages.

The better opinion in this State seems to be that a railroad ticket is a token or voucher, showing that the passenger had paid his fare and is entitled to a passage as thereon indicated. (*Elmore* v. *Sands*, 54 N. Y., 515, and cases there cited.) In this case, it makes no difference whether we consider the ticket as evidencing the con-tract or as a token. In either case the plaintiff, on the purchase of the ticket, became entitled to a passage over the defendant's road from Summit to New York at any time during the day which was stamped on the ticket, and on any one of the defendant's trains that were going, which he might select. This right resulted to the plaintiff from the terms of the ticket; he was restricted to no par-ticular train. He had a right to ride, and the defendant was bound to carry him over its road from Summit to New York, at any time on the 27th day of January, 1874, on any train he might select.

This being the respective rights and obligations of the parties when the plaintiff got on the train that left Summit at 8.10 o'clock in the forenoon, he made his selection and started on his journey; the defendant was then bound to carry him by that train, and no

other, and the plaintiff had a right to ride by that train, and no other.

There is no case in our State precisely like this, but there are several cases which hold substantially the doctrine, above laid down. (*Pier* v. *Finch*, 24 Barb., 516; *Beebe* v. *Ayres*, 28 id., 275; *Elmore* v. *Sands*, 54 N. Y., 515.)

After the plaintiff had commenced his journey on the train which he elected to take, he had the legal right to be carried to New York by that train, and the company was under legal obligations to carry him by that train. This right was reciprocal, that is, the defendant had a legal right to insist that the plaintiff's journey should be continued until it was completed, and that it should not be required to perform in fragments. From this examination it results that the plaintiff had no right to require the defendant to carry him from Newark to New York, on the same ticket on which he had ridden to Orange Junction, and the conductor was justified in ejecting him from the train when he refused to pay his fare.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Exceptions overruled, and judgment for defendant, with costs.