ALBERT W. ELLIOTT, AN INFANT, BY ANDREW ELLIOTT, HIS GUARDIAN AD LITEM, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad ticket at a reduced price for a continuous trip by a particular train — misdirection of the passenger, as to the proper train, by an employee of the company — right of the passenger to continue the journey from a way station.*

A passenger upon the West Shore Railroad purchased a ticket at a reduced price for a continuous trip, good for train 59, leaving Weehawken January fifteenth. In the evening of the fourteenth day of that month he presented the ticket to the railroad company's doorkeeper, at its station at Weehawken, and asked

what train the ticket called for. The doorkeeper pointed to a train, which the passenger entered.

After the train had left the Weehawken station the conductor called for the ticket, stated to the passenger that he had got on to the wrong train, and put him off the train at Haverstraw, the passenger being informed that the ticket called for the first train coming behind the one upon which he was then riding.

Early in the day of January fifteenth train 59 came along, stopped at Haverstraw and the passenger entered it. The conductor upon this train called for his ticket and refused to allow the passenger to continue his journey upon train 59, upon the ground that it was a condition of the ticket that the passage should begin at Weehawken.

In an action, brought by the passenger to recover the damages sustained by him by reason of this refusal of the company to carry him to his point of destination:

*Held*, that, in view of the facts of this case, the company was bound to receive the passenger on board train 59, at Haverstraw, and was liable for the damages resulting to him from his removal therefrom.

APPEAL by the defendant from a judgment, entered, upon the verdict of the jury, in favor of the plaintiff for fifty dollars, in the office of the clerk of the county of Niagara, after a trial at the Niagara Circuit.

*James F. Gluck*, for the appellant.

*E. M. & F. M. Ashley*, for the respondent.

MACOMBER, J. :

This action was brought to recover damages sustained by the plaintiff, by reason of being wrongfully ejected from a railway car while traveling as a passenger from New York to Rochester on a special ticket, on the West Shore Railroad of which the defendant is the lessee.

Mr. Elliott, the plaintiff's father, on the 14th day of January, 1887, at about three o'clock in the afternoon, purchased two tickets, at the ticket-office of the West Shore Company, for Rochester, and in the evening proceeded by ferry-boat to Weehawken, N. J., which is the eastern terminus of the railway track. The tickets were purchased at a reduced price, and were limited, continuous trip tickets, good for train 59, leaving New York, January fifteenth. In the evening of January fourteenth, at Weehawken, Mr. Elliott presented these tickets to the doorkeeper and asked the latter what train these tickets called for. Pointing to a train the doorkeeper

said : " That is the train," and ordered him to pass along. Mr. Elliott went back to get his son and his overcoat, and when he returned he was ordered again to show his tickets. Which was accordingly done, and he was again directed to the train as before. The train indicated was standing near by and was boarded by the plaintiff and his father. It proved, however, not to be train 59. After the train had passed through what is known as the tunnel the conductor called for tickets and was handed these two tickets of the plaintiff and his father. The conductor asked Mr. Elliott how he got on to the train, and was told that he came on along with the rest of the passengers. He was asked if he showed the tickets to the door-keeper, and he said he did, not only once but twice. Mr. Elliott and his son were then ordered by the conductor to get off for the reason that they could not be carried on that train. They were allowed to ride to Haverstraw, the nearest station, and being ordered off the train they alighted. Mr. Elliott was informed before alighting that the tickets called for the first train coming behind the one upon which he was then riding. It then being early in the day of January fifteenth, train 59 came along and stopped at Haverstraw, when Mr. Elliott and his son, after being wakened from a sleep in the ladies' room, boarded it. A moment after the train started the conductor of this train appeared and called for tickets, and these tickets were shown him and he asked, "Where did you get these tickets ?" He was informed that they were bought in New York. The conductor said : "At reduced rates, I suppose ?" The answer was : "That makes no difference to you." Mr. Elliott was then informed that he and his son must pay their fare or get off.

It is argued by the appellant's counsel that Mr. Elliott must be presumed to have known that the tickets which he purchased were for train No. 59, and for the fifteenth day of January, and he cites the case of *Elmore* v. *Sands* (54 N. Y., 512) as authority therefor. It is not incumbent upon us to decide whether this proposition is correct or not. The case differs in many essentials from the one cited, in that the number of the train and the day of its starting, in the case at bar, were indicated by the punch-holes rather than by plain writing which any person could understand. The doorman, Gifford, testifies : " But a man that does not know what the numbers were originally on the ticket, before the ticket agent punched

it, would not know from the ticket what train his ticket was for unless somebody told him, and I was put at the door, and the doorman was put at the door for the purpose of giving that information, among other things." It is not necessary for us to decide this question, for the reason that when the passengers presented themselves at Weehawken, and tendered these tickets to the doorkeeper and were pointed to this train, they were justified in getting aboard and entering upon their journey. No deceit was practiced upon the doorkeeper. On the contrary, it appears that Mr. Elliott and his son in good faith took their places in the car, believing that the tickets were good for their passage.

This action is not specifically for any damages for putting the plaintiff off the train at Haverstraw. If the case of *Elmore* v. *Sands* (*supra*) is applicable to these facts, the conductor of that train would have been justified in leaving the passengers at the first station from which they could board the train for which their tickets were designed. At all events, the conductor attempted to correct the errors which had been committed, and instructed the persons whom he thus put off to take the train at that point, which, as above stated, they accordingly did. At last they were on board train 59, which their tickets called for. They had escaped one horn of the dilemma which the conditions of the tickets presented, but were impaled upon the other, for the tickets had the further condition that such passage on train 59 should begin at the city of New York, meaning, undoubtedly, Weehawken; therefore, the conductor of train 59 refused to let these passengers ride on the train for which the tickets were purchased, because they did not get on at New York or Weehawken, and accordingly dropped them off at Stony Point, three miles from Haverstraw, not, however, without some indignant resistance on the part of the old gentleman. When the principal managers of the railway ascertained the true situation of affairs, reparation was attempted to be made and transportation free of further charges was given to Mr. Elliott and his boy to their destination. The jury, undoubtedly, have taken this attempted reparation into the account, for they gave only fifty dollars damages, which, under the circumstances, is not excessive. This case involves a principle of some importance.

When train 59 came along at Haverstraw the embarrassing predicament of these passengers had been brought about by the mutual mistake of Mr. Elliott and of the doorkeeper at Weehawken. What was the duty of the railroad company under the circumstances? The station agents awakened the plaintiff and his father and put them aboard train 59 at Haverstraw. The conductor was bound by that act, inasmuch as they were upon the proper train, or at least he was bound, at his peril, to ascertain the facts of the case before ejecting them because they did not board the train at Weehawken. We are not prepared to say that the condition of this ticket, that the journey should begin at New York or Weehawken, is unreasonable, but we do hold that the provision should have a reasonable application. Inasmuch, therefore, as the plaintiff and his father found themselves at Haverstraw through the act, in part, of the defendant's agents, the company was bound to receive them on board the train which their tickets called for and to carry them to their destination. Having failed to do so, and having ejected them from the car, a right of action accrued.

The judgment should be affirmed, with costs.

All concurred.

Judgment and order affirmed.