GEORGE MILLER, Respondent, *v.* JOHN KING and Another, as Receivers, etc., of THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

*Amendment of complaint upon the trial — declarations of a ticket agent binding upon the railroad company — what is ejectment from a car — breach of the contract evidenced by the ticket — ground of recovery of damages.*

The fact that the plaintiff in an action was permitted to amend his complaint upon the trial thereof is not an error, where the cause of action was not changed and the defendant was not surprised or prejudiced thereby.

Upon the trial of an action brought against a railroad company, the declarations of its ticket agent while selling tickets, if relevant, are not only competent evidence, but are binding upon the railroad company; they form a part of the contract made between the railroad company and the purchaser of a ticket, since the agent is presumed to be clothed with all the power necessary to perform the functions of his office.

In order that a person may recover damages for being ejected from a railroad car, it is not essential that he should be violently assaulted; a conductor, having charge of the car and the means at hand of ejecting him, by stopping the car and ordering him to get off, ejects him in the eye of the law.

Where a railroad ticket to a certain station is sold to a person by a ticket agent

of the railway, who informs the person that the train stops at that station, the failure of the railway company to carry the purchaser as far as such station is a breach of the contract of which the ticket is evidence.

Where a person is wrongfully ejected from a railway car, he is entitled to recover from the railroad company damages for the indignity and humiliation which he has suffered thereby.

APPEAL by the defendants, John King and another, as receivers, etc., of the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 20th day of September, 1894, upon the verdict of a jury rendered after a trial at the Orange Circuit, and also from an order made on the 18th day of June, 1894, and entered in said clerk's office denying the defendants' motion for a new trial made upon the minutes.

*W. A. Parshall* and *Lewis E. Carr*, for the appellants.

*John W. Lyon*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a verdict and from an order denying a motion for a new trial. The suit was brought for an unlawful ejection of the plaintiff from a car of the defendants, the plaintiff being a passenger.

The first objection made by the defendants is that plaintiff was permitted to amend his complaint upon the trial. This was not error as the cause of action was not changed and the defendant was not surprised or prejudiced thereby.

Prior to purchasing a ticket the plaintiff had been told by the ticket agent that the train stopped at a place upon the line called Sparrowbush, where he desired to get off, and he accordingly bought a ticket for that place and took his seat in the car, where, soon after the train started, the conductor came and examined and punched the ticket and returned it to him and gave him no notice that the train did not stop at the point of destination expressed upon the ticket. Before arriving, however, at this point the train stopped at a terminal (Port Jervis) of the divisions of defendants' line, where a change of conductors took place. The train proceeded, and soon after it started the new conductor came in the car and took up plaintiff's ticket and informed him the train did not stop at said Sparrowbush and that he must get off the train at once.

We think that the declarations of the ticket agent were not only competent evidence, having been made in the line of his duty, but that the defendants are bound by them. (*Nelson* v. *Long Island R. R. Co.*, 7 Hun, 140 ; *Curtis* v. *Avon, Geneseo, etc., R. R.*, 49 Barb. 148.)

The declarations of the ticket agent formed a part of the contract. He was there to sell tickets and give information, and he must be presumed to be clothed with all the power necessary to perform the functions of his office.

As to the ejection of the plaintiff from the car, it was not essential he should have been violently assaulted to warrant a recovery. The conductor had charge of the car and had the physical means at hand to eject him, and stopping the train and ordering him to get off was an ejection in the eye of the law.

We see no answer to the claim that there was a plain breach of contract of which the ticket was evidence. The defendants did not carry him as far as Sparrowbush, but without any excuse whatever put him off the car while his contract was not completed. It would have taken no longer to stop the train at Sparrowbush than it did when plaintiff was ejected.

No rule was offered in evidence to show that when a person holds a ticket to a place where a train does not stop he can be put off at discretion at any point before arrival at the point of destination.

Under all the circumstances the conductor had no right to eject the plaintiff, and his action in doing so was unlawful (*Elliott* v. *N. Y. C. & H. R. R. R. Co.*, 53 Hun, 78 ; *Martin* v. *Same*, 1 N. Y. St. Repr. 738 ; *Hayes* v. *Same*, 20 Wkly. Dig. 237), and the plaintiff is entitled to damages for the indignity and humiliation suffered thereby. (Sedg. on Dam. [8th ed.] § 865 ; *Hamilton* v. *Third Ave. R. R.*, 53 N. Y. 25.)

After a careful examination of the record we find no exception pointing to error sufficient to warrant us in disturbing the judgment.

The damages are not excessive. The judgment must be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order denying motion for new trial affirmed, with costs.