MALLER v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

EVIDENCE—DECLARATIONS OF AGENT—RES GESTÆ.

In an action to recover for a carrier's nondelivery of goods, plaintiff's testimony that the carrier's agent said he would send out a tracer after the goods, and that after several other inquiries by plaintiff the agent said, "No use losing more time, the goods are lost," was admissible, as the agent was the proper person of whom to make inquiries, and had authority to arrange with plaintiff for tracing the goods, and his statements constituted a part of the res gestæ.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 351–368.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.
Action by Osias Maller against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Dominic B. Griffin, for appellant.
Louis B. Boudin, for respondent.

MILLER, J. This appeal is from a judgment rendered against the defendant in an action for damages for failure to deliver merchandise delivered to it at Long Island City for shipment to Pittsburg, Pa. The only evidence of nondelivery consists of testimony of the plaintiff respecting a conversation had with the defendant's freight agent in charge of the office where the merchandise was received by the defendant, and the exception to the admission of such evidence presents the only point argued by the appellant. The shipment was made on the 26th of November, 1906. On the 6th of December the plaintiff received a card from the consignee respecting the nondelivery of the goods, and thereupon informed the defendant's said agent thereof, who told the plaintiff that he would put in a telegraphic tracer. Thereafter the plaintiff called on said agent from time to time for information respecting the goods, and finally, on the 27th of December, the agent told him, in the language of the plaintiff, "No use losing more time, the goods are lost."

The general rules respecting the inadmissibility of declarations or admissions made by agents, relied upon by the appellant, are not applicable to the situation disclosed in this case. The freight agent who received the goods for shipment was the proper person of whom to make inquiries. Indeed, it is not easy to perceive whom else the plaintiff could go to. He must be deemed, therefore, to have had authority to answer inquiries pertaining to the business in hand— i. e., the tracing and delivery of the goods received by him—and what he said cannot be regarded in any sense as made after the transaction, because the receipt of the goods was merely the initial part of a transaction not yet consummated. Certainly he had authority to arrange with the plaintiff for tracing the goods, and what he said relating to that matter, then depending, should be treated as constituting a part of the res gestæ. What occurred to the goods after their receipt by the defendant was peculiarly within the knowledge of the latter, but it offered no proof on the subject. The ruling admitting the testimony is supported by many decisions. Price v. Powell, 3 N. Y. 322; McCotter v. Hooker, 8 N. Y. 497; Harnett v. Westcott, 56 N. Y. Super. Ct. 213, 3 N. Y. Supp. 7; Curtis v. Avon, Geneseo & Mt. Morris R. R. Co., 49 Barb. 148; Morse v. Connecticut River R. R. Co., 6 Gray (Mass.) 450.

The judgment should be affirmed. All concur.