·(40 Misc. Rep. 687.)

### FALLON v. INTERURBAN ST. RY. CO.

#### (Supreme Court, Appellate Term.   May, 1903.)

:1. MUNICIPAL COURTS—JURISDICTION—ACTIONS FOR INJURIES—ASSAULT BY CON-
    DUCTOR.
        In an action against a street railway for injuries to a passenger, plain-
    tiff's evidence was that he asked the conductor to pull the bell, and the
    conductor ordered him to get off, and shoved him off, and then reached
    and got hold of his hand, disengaged it, and he fell into the street.
    *Held*, that while the conductor's actions constituted an assault, of which
    the court had no jurisdiction, they were also in violation of the duty
    owed by defendant to its passengers, rendering it liable, and the Mu-
    nicipal Court had jurisdiction of the action.

    Appeal from Municipal Court, Borough of Manhattan.
    Action by Thomas Fallon against the Interurban Street Railway
'Company.   From a judgment of the Municipal Court for plaintiff, de-
'fendant appeals.   Affirmed.
    Argued before FREEDMAN, P. J., and TRUAX and GILDER-
:SLEEVE, JJ.

    Arthur K. Wing, for appellant.
    M. Strassman, for respondent.

    FREEDMAN, P. J.   The pleadings in this case were oral, and, as
:appears by the record, the plaintiff complained for "damages for per-
·sonal injuries."   He filed a bill of particulars, in which he states
that :

    "The accident occurred on October 14, 1902, * * * plaintiff having been
pushed off the car by the conductor.   Loss of earnings, * * * $69; in-
juries consisting of contusions of inner surface of elbow of right arm and
of joint of thumb of right hand.   Reopening of hernia on right side in conse-
·quence of the fall, and dragging along the street while hanging onto the car,
from which plaintiff has suffered since the accident," etc.

    The facts as proven by the plaintiff are undisputed, the defendant
·having offered no testimony upon the trial.   The plaintiff testified
that he was a passenger on plaintiff's horse car, and paid his fare.
When the .car reached Avenue A and Fourteenth street, he asked the

conductor, "Please pull up on that bell." He stood on the platform, and had hōld of the railing, and he says:

"I turned to ask him if he would please pull up, and he gave me a shove off the car. I held onto the railing, and was dragged about 30 feet."

The plaintiff was corroborated in some essentials by another witness. The plaintiff had received a transfer to the car upon which he was riding, which he had tendered to the conductor, who had refused it, and who had ordered plaintiff to pay his fare or get off the car. He then paid his fare.

The sole point urged by the appellant herein is that the facts show that the conductor was guilty of an assault, only, and that, while possibly the defendant may be liable therefor, the Municipal Court had no jurisdiction over the cause of action. This case is materially different than the case of Fister v. Metropolitan St. R. Co., 30 Misc. Rep. 430, 62 N. Y. Supp. 467. In the Fister Case the complaint expressly set up a "willful, malicious, unprovoked, and unjustifiable assault and battery." No such allegation is contained in the pleadings in this case. The plaintiff testified that the conductor said, " 'Get to hell off,. if you are going off,' and shoved me. When I was shoved off, he reached and got my hand where I was holding on, and I fell down in the street." These acts on the part of the defendant's servant, while constituting an assault, were as well a violation of the rule laid down in Hart v. Metropolitan St. R. Co., 65 App. Div. 493, 72 N. Y. Supp. 797; the court below saying:

"The defendant's servants in the conduct of the cars intrusted to their care are discharging the duty which the defendant owes to the public and to its passengers, and if the gripman or the conductor negligently or willfully pushes such passengers from the cars, from which act injuries result, the plaintiff is entitled to damages; and the conduct of the defendant's servants cannot be transformed into a mere personal assault for the purpose of defeating the jurisdiction of the Municipal Courts, which are peculiarly competent to grant that relief which such cases demand.  *  *  *  Once the relation of carrier and passenger is entered upon, the carrier is answerable for all consequences to the passenger, or the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken towards the passenger."

The case of Hines v. Dry Dock, East Broadway & B. R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170, is a similar case to this, which is. to the same effect.

Judgment affirmed, with costs. All concur.