### GREENBERG v. ANGERMAN.

(Supreme Court, Appellate Term. June 22, 1903.)

1. APPEAL—ORAL PLEADINGS—SCOPE—EFFECT OF EVIDENCE.
   On appeal from a judgment of the Municipal Court in a case in which
   the pleadings have been oral, their scope must be determined by the
   evidence, rather than by the complaint.

2. IDEM SONANS—JUDGMENT—SEIZURE OF GOODS.
   Goods of "Israel F." cannot be seized on a judgment against "Isaac F."

3. CONTINUANCE—ABSENCE OF COUNSEL—DEFAULT—REFUSAL TO OPEN.
   After having secured several adjournments of a pending trial, defend-
   ant asked a further continuance because his counsel was not present,
   and he desired to obtain other counsel, and on its refusal left the court-
   room. He offered no reason then or on his subsequent motion to open
   his "default" why his attorney was absent, or explanation as to when
   he ascertained the attorney's inability to be present. Held, that a re-
   fusal to open the "default" was proper.

   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan.

Action by David Greenberg against Albert M. Angerman. Judg-
ment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

Aaron Morris, for appellant.
Israel M. Lerner, for respondent.

FREEDMAN, P. J. On the trial of this action, which was begun
on December 15, 1902, the plaintiff proved that his assignor, one
Israel Finegold, by a bill of sale dated October 29, 1901, purchased of
one Charles Hawes all the fixtures, chattels, and stock of merchandise
in a store at 1359 Second avenue; that on November 29, 1901, the
defendant, a city marshal, came into the store, and, claiming to have
a "judgment" against one Isaac Finegold, seized upon $15 in cash in
the money drawer, demanded the balance due on the judgment, and
began to pack up the goods preparatory to removing the same.
Plaintiff's assignor thereupon paid the marshal the sum of $100.50,
which, with the sum of $15 already taken, equaled the amount of the
judgment, and assigned his cause of action to this plaintiff, who
brought this suit. The pleadings were oral, it appearing, however,

from the return herein that the court characterized the pleadings on the part of the plaintiff as for "conversion and damage to personal property." Upon the first day of the trial the plaintiff, in addition to the foregoing facts, proved, without objection, that the marshal damaged a quantity of the goods, and the amount and value of such damages. The case was then adjourned until December 26th. On January 5, 1903, the parties again appeared, and the record contains the following:

"On the call of the calendar plaintiff's counsel and the defendant personally appeared, and answered 'Ready,' and when the case was reached for trial the defendant asked for an adjournment on the ground that his lawyer was absent, and he desired to obtain other counsel. The court denied the application for adjournment on the ground that the defendant had had sufficient opportunity to engage other counsel, and that the defendant had answered 'Ready' on the call of the calendar, there having been several adjournments granted at the defendant's request since the last hearing of this case."

It appears that thereupon the defendant withdrew from the court-room with his witnesses, and took no further part in the trial. Subsequently he made a motion to open what he called his "default," which was denied. After the withdrawal of the defendant from the case, the plaintiff continued his proof, but proved less than $10 in amount of damages in addition to his prior proof. The court below gave a judgment in favor of the plaintiff for the amount of money taken by the defendant and the sum of $31 damages.

The judgment should be affirmed. As before stated, the pleadings were oral, and in such cases we must look to the facts established by the evidence, rather than to the complaint, for the scope of the pleadings. Hart v. Met. St. Ry. Co., 65 App. Div. 493, 72 N. Y. Supp. 797. The judgment rendered herein does not authorize the arrest or imprisonment of the defendant upon execution, and is therefore a money judgment only. The marshal exceeded his authority in seizing the goods of Israel Finegold upon a judgment against Isaac Finegold. The defendant offered no reason, either at the trial or upon the subsequent motion to open "his default," why his attorney was not present, or as to when he ascertained that his attorney was unable to be present, and the court below was, under the circumstances, justified in refusing the defendant's application to adjourn the trial of the cause and to open his alleged "default." The judgment, as rendered, is amply supported by evidence, and technical errors and defects not affecting the merits must be disregarded. Section 326, Municipal Court Act (Laws 1902, p. 1583, c. 580).

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). Complaining orally for "conversion and damage to goods," the plaintiff's evidence on the trial indicated at the most conversion of $15 and the disturbance of some goods which the defendant marshal had prepared to take away, and which, it is said, in testimony so unusual as to call for inquiry by the justice, were of the value of $31. Judgment, however, was given for $146.50, of which amount $100.50 was paid, according to the testimony of the

plaintiff, under duress. No amendment to allow either such testimony or recovery was made at the trial, and the judgment should be reversed, especially as the latter portion of the trial was an inquest, having been proceeded with, upon refusal to postpone, in the absence of counsel, after an interval of some days, in which there were repeated adjournments.