ADORFF v. BECHTER et al.

(Supreme Court, Appellate Term. January 5, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURT—ORAL PLEADINGS—JUDGMENT.
    In an action in Municipal Court for conversion, where the pleadings are oral, and the testimony tends to show merely a breach of contract, a judgment on contract is proper.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—JUDGMENT.
    Where a written pleading in the Municipal Court sets up a cause of action for conversion, no judgment on contract can be recovered.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—PRACTICE.
    When the pleadings in action in Municipal Court are oral, the court must resort to the testimony to determine the nature of the action.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Thomasina Adorff against Albert Bechter and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Peacock & Steves (George A. Steves, of counsel), for appellants. Baker & Hyman, for respondent.

PER CURIAM. Judgment affirmed, with costs.

GIEGERICH, J. (concurring). The pleadings in this action were oral; the plaintiff's complaint being "conversion." The testimony tended to show merely a breach of contract, as to which there was a disputed question of fact, and the plaintiff recovered a judgment. The judgment contains no clause authorizing the arrest and imprisonment of the defendants, and is therefore a judgment on contract only.

The appellants' ground for reversal is substantially that, the complaint having set up a cause of action for conversion, no judgment in contract could be recovered. This would be true, had the pleadings been written. In such a case a recovery can only be had for the cause of action set forth in the complaint; but where, as in the case at bar, the pleadings are oral, the court must resort to the testimony to determine the nature of the action, more than to the exact language of the complaint. Greenberg v. Angerman (Sup.) 84 N. Y. Supp. 244; Cossel v. Altschul (Sup.) 91 N. Y. Supp. 1. The judgment herein must therefore be affirmed.

Judgment affirmed, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes