"Defendant's Counsel: I ask your honor to charge that, if the jury believes that the defendant's car was in motion at the time the plaintiff attempted to get off, the verdict must be for the defendant. The Court: I decline so to charge. I charge that it is for the jury to say whether or not the plaintiff was negligent in attempting to get off the car while it was in motion."

To this refusal the defendant duly excepted.

While, as a general proposition, it may be said that an attempt to get off from a moving car is not negligence per se, under the facts and circumstances of this case, as disclosed by the evidence, and under the allegations of the complaint, the defendant had a right to have the foregoing request granted; and the refusal of the trial judge to charge as requested was error. Patterson v. Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796. The judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.

---

(30 Misc. Rep. 430.)

### FISTER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

ASSAULT—COMPLAINT—MUNICIPAL COURT—JURISDICTION.

> Where a complaint alleged that plaintiff was willfully, maliciously insulted, assaulted, beaten, and bruised by defendant's street-railway conductor while a passenger on its line, without alleging negligence on the part of defendant, or a failure to perform its contract, the cause of action was for assault and battery, and hence not within the jurisdiction of the municipal court, under Greater New York Charter, § 1364, providing that such court shall not have jurisdiction of actions for damages for assault and battery.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Edward Fister against the Metropolitan Street-Railway Company. From a judgment and order in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Andrew F. Murray, for respondent.

FREEDMAN, P. J. The only question raised by this appeal is whether or not the municipal court has jurisdiction of the subject-matter of the cause of action as set forth in the complaint. The complaint alleges that the defendant is a domestic corporation operating certain cars in the city of New York, and engaged in the business of carrying passengers for hire; that the defendant received the plaintiff upon one of its cars as a passenger; that his fare was paid; that while he was a passenger, and being taken to his destination, he was willfully and maliciously insulted, assaulted, beaten, and bruised by the conductor, the servant and employé of the defendant; that the

plaintiff was thereby made sick, sore, suffered pain, and claims damages for such insult, assault, and beating. The defendant made a motion in the trial court to dismiss the complaint upon the ground that the cause of action set up therein was for an assault and battery, and that a municipal court has no jurisdiction in such an action. The motion was denied, and the defendant took an exception thereto.

The charter of Greater New York (section 1364) provides that:

"Except as provided in the next section the said municipal court has jurisdiction in the following civil actions: * * * (2) An action to recover damages for a personal injury or an injury to property, excepting, however, actions to recover damages for an assault, battery, malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction or loss of society of a husband or wife."

The plaintiff claims that this action, as set forth in the complaint, does not fall within one of the cases excepted by the foregoing section; that the allegations of the complaint establish the contractual relation of carrier and passenger between the parties; and that the cause of action is for a breach of such contract, and properly triable in the municipal court.

The character of the action must be determined by the substantial allegations of the complaint, and, where the averments are such as to indicate that the whole scope and purpose of the action is to recover for alleged wrongs, the plaintiff cannot recover for a breach of contract. Ross v. Mather, 51 N. Y. 108; Matthews v. Cady, 61 N. Y. 651; Lockwood v. Quackenbush, 83 N. Y. 607. The declarations contained in the complaint plainly charge an assault and battery. There is no allegation of negligence on the part of the defendant, nor of failure to perform the alleged contract according to its terms. The language of the pleader clearly and in express terms imputes to the defendant the commission of a "willful, malicious, unprovoked, and unjustifiable assault and battery," and a civil action for such a cause of action cannot be brought in a municipal court.

Order and judgment reversed, with costs.

MacLEAN, J., concurs. LEVENTRITT, J., takes no part.