(34 Misc. Rep. 521.)

### HART v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 22, 1901.)

1. STREET RAILROADS—PASSENGER—WRONGFUL EJECTION.

Plaintiff and two disinterested witnesses testified that he boarded the front platform of defendant's street car while in motion, and was thrown therefrom by the gripman, and injured, while defendant offered no evidence. Plaintiff had safely boarded the car, intending to become a passenger, and the front platform was not guarded by a gate. Held, that a judgment for defendant was erroneous, since plaintiff was on the car as a passenger, and was entitled to protection from assault by defendant's employés, and, if not entitled to remain because of infraction of the company's rules, only reasonable force should be used in removing him after a refusal to leave.

2. SAME—BOARDING MOVING CAR—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, intending to become a passenger, boarded the front platform of defendant's street car, and was thrown therefrom by the

gripman, while it was in motion, plaintiff's recovery therefor is not prohibited by the fact that he boarded the car while it was in motion, since having placed himself in a position of safety, so far as the movement of the car had any bearing on his injury, such act was not contributory negligence.

Appeal from municipal court of city of New York, Eighth district.

Action for injuries by Michael Hart against the Metropolitan Street-Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

W. D. Birdsall, for appellant.

G. Glen Worden, for respondent.

BISCHOFF, P. J. The defendant gave no evidence, and the jury rendered a verdict in its favor upon the testimony presented on behalf of the plaintiff. Corroborated by two disinterested witnesses, the plaintiff's testimony was that he boarded the front platform of the defendant's car while in motion, and was then seized by the gripman, and thrown from the moving car into the street. The case was submitted to the jury, with the unequivocal instruction that the assault by the gripman, if not within the scope of his employment, was a matter for which the defendant was not liable, and that, if the plaintiff had boarded the car without the defendant's consent, a verdict might be rendered in its favor. The accuracy of the charge is questioned by the exceptions taken.

That the plaintiff had boarded the car as intending passenger was not the subject of dispute, nor was there doubt that he had safely boarded it. Being upon the car as a passenger, he was entitled to protection from an assault by the defendant's employé in charge of the vehicle, whatever the motive of the assault; and if he was not entitled to remain on the car, through some infraction of the reasonable rules of the company, he was subject to removal by the use of no more than reasonable force, if he refused to leave voluntarily. Smith v. Railway Co. (Com. Pl.) 18 N. Y. Supp. 759; Id., 138 N. Y. 623, 33 N. E. 1083. If it be assumed (for there is no proof) that the defendant's rules prohibited an entrance by way of the front platform, in this instance not obstructed by a gate, the plaintiff might possibly have been refused passage, but no rule of law required him to take his instructions of the defendant's rules at the risk of his life. See Smith v. Railway Co., supra.

We certainly cannot hold that the plaintiff's recovery was prohibited by his having boarded the car while in motion. If this had contributed to the situation which resulted in his injury, as a proximate cause, there would be no doubt that his case must fail; but he placed himself in a position of safety, so far, at least, as the movement of the car had any bearing upon his injury, and, while his act may have contributed to the fury of the gripman, it was not contributory negligence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.