MICHAEL HART, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*New York Municipal Court — presumption that a cause of action is based on a rail-road company's negligence, and not on its conductor's willful assault, the court not having jurisdiction of the latter.*

Where the pleadings in an action brought in the Municipal Court of the city of New York are oral, and the evidence given therein establishes that the plaintiff, with intent to become a passenger upon one of defendant's street cars, boarded the front platform thereof while it was in motion, and was seized by the gripman and thrown from the moving car into the street, sustaining severe injuries, it will not be adjudged that the suit was brought to recover damages for an assault by the defendant's servant, a cause of action of which the Municipal Court has not jurisdiction, but rather an action to recover damages for personal injuries growing out of the defendant's neglect to fulfill the duty of protection which it owed to the plaintiff.

APPEAL by the plaintiff, Michael Hart, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, entered on the 10th day of July, 1901, dismissing the complaint.

*W. D. Birdsall* [*C. D. Rust* with him on the brief], for the appellant.

*G. Glen Worden* [*Henry A. Robinson* with him on the brief], for the respondent.

WOODWARD, J.:

This action was brought originally in the borough of Manhattan to recover damages for personal injuries. The judgment for the defendant, entered upon the verdict of a jury, was reversed on appeal, and the case was sent to the fourth district, borough of Brooklyn, for a new trial, plaintiff having, in the meantime, become a resident of such district. The defendant interposed a preliminary objection to the trial of the action in the borough of Brooklyn, which was subsequently overruled, urging that the order made by the Appellate Term of the Supreme Court remitting the case to the Municipal Court of the city of New York, borough of Brooklyn, fourth district, for a new trial conferred no authority upon the court

to hear, try and determine the present action. The trial proceeded, and it was stipulated that the case be submitted upon the evidence upon the former trial. At the close of plaintiff's case, on motion of the defendant, the complaint was dismissed upon the ground that the "proof shows this was an action for assault, and, therefore, this court has no jurisdiction."

The only question presented by this appeal is whether the action is one for assault; if it was, the complaint was properly dismissed. The pleadings in this case were oral, and we must, therefore, look rather to the facts established by the evidence than to the complaint for the scope of the pleadings. The defendant gave no evidence, and the testimony of the plaintiff, corroborated by two witnesses who appear to have had no interest in the controversy, establishes the fact that the plaintiff boarded the front platform of the defendant's car while in motion, and was then seized by the gripman and thrown from the moving car into the street, sustaining injuries which kept him confined to his bed for a period of four weeks. Upon the first trial the case was submitted to the jury with the unequivocal instruction that the assault by the gripman, if not within the scope of his employment, was a matter for which the defendant was not liable, and that if the plaintiff had boarded the car without the defendant's consent a verdict might be rendered in its favor. Commenting upon this charge to the jury, the Appellate Term of the Supreme Court says: "That the plaintiff had boarded the car as an intending passenger was not the subject of dispute, nor was there doubt that he had safely boarded it. Being upon the car as a passenger, he was entitled to protection from an assault by the defendant's employee in charge of the vehicle, whatever the motive of the assault, and if he was not entitled to remain on the car, through some infraction of the reasonable rules of the company, he was subject to removal by the use of no more than reasonable force, if he refused to leave voluntarily." (*Hart* v. *Met. St. Railroad Company,* 34 Misc. Rep. 521.)

The same question as to the nature of the action was raised upon the former appeal, and while the language of the court is quite general, it proceeds upon the theory that the action was of the nature of an action for the neglect of a duty owed to the plaintiff, for it is said: "We certainly cannot hold that the plaintiff's recovery

was prohibited by his having boarded the car while in motion. If this had contributed to the situation which resulted in his injury, as a proximate cause, there would be no doubt that his case must fail; but he placed himself in a position of safety, so far, at least, as the movement of the car had any bearing upon his injury, and while his act may have contributed to the fury of the gripman, it was not contributory negligence." It may be that this is not sufficiently definite to invoke the doctrine of *stare decisis;* the doctrine that when a court has once laid down a principle of law as applicable to a certain state of facts it will adhere to that principle, and apply it to all future cases where the facts are substantially the same (*Moore* v. *City of Albany,* 98 N. Y. 396, 410), but no appeal having been taken from the judgment of reversal, it is doubtful whether the defendant is in a position to urge here that the law of the case has not been settled. Upon the merits of the question, however, we are unwilling to subscribe to the doctrine contended for by the defendant. The defendant's servants in the conduct of the cars intrusted to their care are discharging the duty which the defendant owes to the public and to its passengers, and if the gripman or the conductor negligently or willfully pushes such passengers from the cars, from which act injuries result, the plaintiff is entitled to damages, and the conduct of the defendant's servants cannot be transformed into a mere personal assault for the purposes of defeating the jurisdiction of the Municipal Courts, which are peculiarly competent to grant that relief which such cases demand. The plaintiff might, of course, have elected to bring an action against the gripman for the assault, but he chose rather to proceed against the defendant company for neglect of the duty owed to him as a passenger. We are clearly of opinion that the Municipal Court was not defeated of its jurisdiction because this breach of duty involved an assault by defendant's servant. Once the relation of carrier and passenger is entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken towards the passenger. (*Palmeri* v. *M. R. Company,* 133 N. Y. 261, 265, 266, and authorities there cited; *Steamboat Company* v. *Brockett,* 121 U. S. 637, 645.) Under the well-established rule of liability, the defendant cannot maintain that

the present action is for a private assault; it undertook to protect its passengers, and the plaintiff having become a passenger, he has a right to look to the defendant for any damages which he may have suffered, and the assault of the individual becomes merely a part of the negligence of the defendant in the discharge of its duty to the plaintiff.

The judgment should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.