55 N. Y. Supp. 146; Browning v. Sire, 33 Misc. Rep. 503, 68 N. Y. Supp. 875. In the absence of an improper exercise of the discretion vested in the court, this court will not reverse an order of the character of that presented in this case. The covenant of the parties is not controlling (Brick v. Hornbeck, 19 Misc. Rep. 218, 43 N. Y. Supp. 301; Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54), but is proper to be taken into consideration in determining the question whether or not a receiver should be appointed (Eidlitz v. Lancaster, supra). The matters stated in the moving papers do not show with any certainty that the property covered by the mortgage is not sufficient to satisfy the plaintiff's claim, and there is no way of determining from the complaint the value of the securities held by the plaintiff, which holds an assignment of 108 shares of class A stock, assigned to it by the defendant. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

(75 App. Div. 391.)

### HINES v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, Second Department. October 17, 1902.)

1. CARRIAGE OF PASSENGERS—BREACH OF CONTRACT—MISCONDUCT OF SERVANT.
    A bill of particulars, furnished in connection with an oral complaint "for personal injuries" against a common carrier, set out that defendant's conductor refused to accept plaintiff's properly tendered fare, and without cause assaulted plaintiff, and threw him off the car, and that thereby plaintiff was injured. *Held* that, a bill of particulars being merely an amplification of the complaint, the cause of action was still founded on breach of contract by the misconduct of defendant's servant, though such misconduct may have resulted in an assault; and that hence jurisdiction of the municipal court is not prohibited by Greater New York Charter, § 1364, subd. 2, providing that such court shall have jurisdiction of actions "to recover damages for a personal injury, * * * excepting actions to recover damages for an assault," etc.

Appeal from municipal court, borough of Brooklyn, Fourth district.
Action by David Hines against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

G. Glenn Worden, for appellant.
K. C. McDonald (M. V. McDonald, on the brief), for respondent.

JENKS, J. The appeal challenged only the jurisdiction of the municipal court on the ground that the action is for an assault, and is therefore prohibited by subdivision 2, § 1364, Greater New York Charter. I think that the judgment must be affirmed on the authority of Hart v. Railway Co., 65 App. Div. 493, 72 N. Y. Supp. 797. The learned counsel for the appellant would discriminate the case at bar from Hart's Case, for the reason that the plaintiff furnished the bill of particulars. He contends that the bill must be con-

sidered and taken in place of a verified complaint, and, this being so, the cause of action is revealed as one for an assault. But a bill of particulars does not set forth the cause of action, and does not change the nature of it. Abb. Brief Pl. p. 624; Seaman v. Low, 4 Bosw. 337. It is but an amplification of the complaint. Matthews v. Hubbard, 47 N. Y. 428; Higenbotam v. Green, 25 Hun, 214. The pleadings were oral. The complaint was "for personal injuries" against a common carrier of passengers. This complaint, as "amplified" by the bill of particulars, is that the plaintiff, on or about the 11th day of May, boarded a car of the defendant for carriage, and tendered his fare, and that the conductor refused to accept it, and without cause or provocation assaulted the plaintiff, and threw him off the car, and that by reason of this misconduct the plaintiff was injured. The cause of action was founded upon the contract between passenger and carrier, and the liability of the defendant arose from the breach thereof. Stewart v. Railroad Co., 90 N. Y. 588, 590, 43 Am. Rep. 185; Dwinelle v. Railroad Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611. The breach of the contract was the misconduct of the servant, which resulted in an assault. But the action is not for an assault within the meaning and purview of the exception relied upon by the defendant.

The judgment should be affirmed, with costs. All concur.

---

(75 App. Div. 345.)

### SEAMAN v. CLARKE et al.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. New Trial—After Appeal.
　　Where the trial justice directed judgment for plaintiff, but afterwards gave judgment for defendants, but on appeal to the appellate division the judgment was reversed, and the judgment for plaintiff reinstated, and motion to modify the judgment so as to allow of a new trial was denied, the court at special term may not grant a new trial, without new facts being shown.

2. Same—Affidavits.
　　The affidavits for a new trial for evidence, made admissible by the reversal of a judgment which operated as an estoppel at the first trial, should disclose what the evidence is.

3. Same—Prompt Action.
　　Where judgment is rendered for defendant on the ground of limitations, notwithstanding the exclusion of evidence, by reason of a decree operating as an estoppel to show payment, but the decree is reversed before settlement of the case on appeal by plaintiff, defendant should not delay application to be allowed to show the payment till after appeal by the plaintiff to the appellate division, where the judgment is reversed, and defendant's subsequent appeal to the court of appeals.

4. Payment—Evidence.
　　That a mortgagor was permitted to occupy the premises as a tenant after foreclosure, and that at his death he left considerable property, does not tend to show payment of the deficiency judgment.

Appeal from trial term, Nassau county.

Action by Albert W. Seaman, trustee of the estate of Eliza Eagle, deceased, against Gilmore Clarke and another, executors of David Clarke, deceased. From a order setting aside two judgments entered