KEARNS v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Term.    January 25, 1904.)

1. CARRIERS—ASSAULT ON PASSENGER—NATURE OF ACTION—JURISDICTION.

Where a passenger on a street car is thrown from the car by the conductor on the ground that he has not paid his fare, an action for damages is for the neglect of duty by the carrier, of which the Municipal Court has jurisdiction; and it is not a mere action for personal assault, beyond such jurisdiction.

2. SAME—BILL OF PARTICULARS.

In an action against a street railroad to recover for personal injuries inflicted upon a passenger, an objection that plaintiff had filed no bill of particulars is without merit, where no order therefor was procured by the defendant.

¶ 2. See Pleading, vol. 39, Cent. Dig. § 974.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Richard E. Kearns against the New York & Queens County Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

William E. Stewart, for appellant.

Day, Van Zandt, Walsh & Webb, for respondent.

MacLEAN, J. According to his complaint and evidence, the plaintiff, having become a passenger upon one of the defendant's vehicles by boarding its car and paying the fare, was asked to pay again, and, upon refusal, addressed abusively and thrown from the car with violence by the company's conductor. The learned justice denied a motion for dismissal because of want of jurisdiction in the court in an action for assault, treating the action as one based upon contract, and for damages to recover for personal injuries growing out of the defendant's neglect to fulfill its duty of protection of its passengers; rightly following Hart v. Met. St. Ry. Co., 65 App. Div. 493, 72 N. Y. Supp. 797. It was also objected by the defendant that the action was not brought in the district in which either of the parties lived, but that came too late; and, further, that the plaintiff had neglected to file a bill of particulars as directed by the court, but for that the defendant's attorney had neglected to procure an order. The judgment of the Municipal Court, entered upon the conclusions of the jury, acting, so far as appears, without trace of passion, partiality, or prejudice, must be affirmed, with costs.

Judgment affirmed, with costs to the plaintiff. All concur.