### BUSCH v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. May 2, 1905.)

ACTIONS—TORT—JURISDICTION—MUNICIPAL COURT.

A complaint alleging that plaintiff became a passenger of defendant for the purpose of being carried on one of its cars, and, in consideration of five cents paid, defendant agreed to safely carry him and treat him properly; that he, after paying the fare, entered on one of defendant's stations, and defendant, through its employés, in violation of said contract, assaulted plaintiff and maltreated him, and caused officers to assault and arrest him, without any provocation, and to detain him forcibly under arrest, without warrant or cause—states a cause of action for assault and battery and false imprisonment, and not one for breach of contract of carriage, and therefore one not within the jurisdiction of the Municipal Court.

Greenbaum, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Emanuel A. Busch against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Charles A. Gardiner (Theodore L. Waugh, of counsel), for appellant.

Charles Goldzier, for respondent.

SCOTT, P. J. The complaint states a cause of action for assault and battery and false imprisonment, and for nothing else. Of such an action the Municipal Court has not jurisdiction. Fister v. Met. St. Ry. Co., 30 Misc. Rep. 430, 62 N. Y. Supp. 467. As was said in the case cited:

"The character of the action must be determined by the substantial allegations of the complaint, and, when the averments are such as to indicate that the whole scope and purpose of the action is to recover for alleged wrongs, the plaintiff cannot recover for a breach of contract."

The case made by the complaint entirely differentiates this action from those in which a passenger upon a car has been injured by the manner and method of his eviction. Kearns v. N. Y., etc., R. Co. (Sup.) 86 N. Y. Supp. 179; Hines v. Dry Dock, etc., R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170; Hart v. Met. St. Ry. Co., 65 App. Div. 493, 72 N. Y. Supp. 797. In each of those the gravamen of the complaint was the failure of the defendant to perform the obligation which it had assumed to safely transport the passenger.

Here the defendant refused to assume the obligation. The case is not unlike Palmeri v. Man. Ry. Co., 133 N. Y. 201, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632, but that was clearly an action which could not have been brought in the Municipal Court.

The judgment must be reversed and the complaint dismissed, with costs in this court and the court below.

LEVENTRITT, J., concurs.

GREENBAUM, J. (dissenting). I am unable to perceive how this case may be differentiated from Hines v. Dry Dock, E. B. & B. R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170, and the other cases cited in the prevailing opinion. Indeed, I regard plaintiff's case much stronger than the Hines Case, supra, so far as his right to maintain an action as one arising out of a breach of contract between the plaintiff, as a passenger, and the defendant, as a common carrier, is concerned. In the Hines Case an oral complaint in a Municipal Court was for "personal injuries." The appellate court held that the complaint was amplified by the bill of particulars of plaintiff, which set forth that "plaintiff boarded a car of the defendant for carriage and tendered his fare, and that the conductor refused to accept it, and, without cause or provocation, assaulted the plaintiff and threw him off the car, and that by reason of this misconduct the plaintiff was injured." The court held at page 392 of 75 App. Div., page 171 of 78 N. Y. Supp., that "the breach of contract was the misconduct of the servant which resulted in an assault," and therefore the Municipal Court had jurisdiction to entertain the cause.

In the case at bar the complaint contains the following specific allegations:

"Second: That on the 7th day of January, 1905, this plaintiff became a passenger of the defendant for the purpose of being carried upon one of its cars in and through the said underground passage operated by the defendant, and, in consideration of the sum of five cents (5c.) duly paid by this plaintiff to the defendant, the defendant promised and agreed safely to carry this plaintiff, and to treat him properly and carefully.

"Third. That this plaintiff, after having paid the fare demanded as aforesaid, entered in and upon one of the stations of the defendant, viz., the Brooklyn Bridge station, and that the defendant, through its agents and employés, wrongfully, illegally, and in violation of the terms of said contract, assaulted the plaintiff, and caused one of its agents to take violent hold of this plaintiff, and push, pull, maul, and otherwise maltreat him, and caused police officers to assault and arrest this plaintiff, without any charge or provocation, and detain him forcibly and against his will under arrest, and without any warrant of law and without any cause."

The proofs tendered upon the trial by plaintiff absolutely confirmed the allegations of the complaint, so far as showing that plaintiff had purchased a ticket entitling him to be carried as a passenger in one of the cars of defendant; that the ticket was deposited in a box provided by the defendant for that purpose; that, after having passed the box, and while proceeding along the passageway exclusively used by the defendant in its business, on his way to board one of the cars of the defendant, the plaintiff was

assaulted by the agent of defendant having charge of the ticket box.

Upon the foregoing statement of facts, it seems entirely clear that a contractual relationship between the plaintiff and defendant was established; and the circumstance that the defendant's agent in charge of the ticket box was under the impression that plaintiff had not deposited a ticket could not well affect the contract, nor defeat the jurisdiction of the court.

I agree with my associates that the case of Palmeri v. Manhattan Ry. Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632, is not unlike the present case, but I do not assent to the view that "that was clearly an action which could not have been brought in the Municipal Court." Reference to the Palmeri Case (page 265, 133 N. Y., page 1002, 30 N. E. [16 L. R. A. 136, 28 Am. St. Rep. 632]) shows that the Court of Appeals distinctly recognized the right of the plaintiff to maintain his action because of the contractual relation established between the parties. Says the court:

"Once the relation of carrier and passenger entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken toward the passenger."

It seems to me, therefore, that all the cases referred to in the prevailing opinion are authority for the proposition that the Municipal Court had jurisdiction to entertain this action.

The judgment should be affirmed, with costs.