out of repair. While he was proceeding in a southerly direction, one of the defendant's cars came along rapidly behind him, and the step of the car struck him in the ankle, and he sustained injuries. He was familiar with the condition of the street, with the manner in which the defendant's cars were operated, and he knew that at night they ran very rapidly. Witnesses for the plaintiff say that the night was so dark they could not see him more than 10 feet away. There was an electric light some 75 feet distant from the point at which the plaintiff was struck, but there is nothing whatever in the evidence to indicate that the motorman in charge of the car could have seen plaintiff, or had reason to suspect that any one was walking in the roadway close to the track, or was in such a situation that he might be struck by the car. We are unable to gather from this record any evidence of negligence on the part of those in charge of the defendant's car, unless it is to be assumed that running a car at a rapid rate of speed where it is not to be presumed that pedestrians are to be encountered is in and of itself negligence or evidence of negligence. But whether there was sufficient to go to the jury on the question of negligence or not, it is manifest that the plaintiff did not show that he was free from contributory negligence. He knew all about the railway tracks and the operation of the defendant's cars thereon. His statement is that he was upon the roadway, and not on the sidewalk, because the former was safer. The distance between the tracks was 30 feet, and yet, with his knowledge of the locality, he chose to walk so near to the track upon which a car might approach him from the rear that he exposed himself to the danger of being struck by such a car. The evidence indicates that the plaintiff took no care at all to avoid being struck by a car from behind, and it would be a fair inference that he negligently placed himself in a position of peril.

We think the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

### REIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. June 22, 1905.)

1. MUNICIPAL COURT—JURISDICTION—ACTION FOR ASSAULT.
    Under the direct provisions of the Municipal Court Act, Laws 1902, p. 1487, c. 580, § 1, the Municipal Court has no jurisdiction of an action for assault.

2. SAME—PLEADING—AMENDMENT.
    In an action in the Municipal Court for assault by defendant's conductor on a passenger, the assault being an implied breach of defendant's contract as a carrier, plaintiff was entitled to amend his complaint so as to conform to the proof showing such breach, under the Municipal Court Act, Laws 1902, p. 1542, c. 580, § 166, requiring the court to allow a pleading to be amended at any time if substantial justice will be promoted thereby, and after amendment the court had jurisdiction.

3. SAME—STATUTE—CONSTRUCTION.
    The Municipal Court Act, Laws 1902, p. 1583, c. 580, § 326, providing that appeals must be heard on the original papers or a certified copy

thereof, and that the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits, by implication extends to the appellate court the requirement of section 166 (page 1542), providing that the court must, on application, allow a pleading to be amended at any time if substantial justice will be promoted thereby.

4. SAME—APPEAL.

Where plaintiff in an action against a carrier brought in the Municipal Court for assault was, under the evidence, entitled to amend his complaint pursuant to Municipal Court Act, Laws 1902, p. 1542, c. 580, § 166, to make it an action against the carrier for breach of its contract of carriage, the fact that the Municipal Court is without jurisdiction of actions for assault does not interfere with an affirmance on appeal of a judgment in favor of plaintiff in view of section 326 (page 1583), authorizing the allowance of an amendment of the pleadings.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Herman Rein, an infant, by Solomon Rein, his guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

George D. Yeomans (H. F. Ives, of counsel), for appellant.
George J. Gruenberg, for respondent.

DUGRO, J.    The gravamen of the cause of action set forth in the complaint is an alleged assault made by the defendant, and so the action is for assault, and under the statute the Municipal Court is without jurisdiction.    Section 1, Municipal Court Act (Laws 1902, p. 1487, c. 580) ; Fister v. Met. St. Ry. Co., 30 Misc. Rep. 430, 62 N. Y. Supp. 467.    It does not appear in Hart v. Met. St. Ry. Co., 34 Misc. Rep. 522, 69 N. Y. Supp. 906, that the attention of the appellate court was called to the question of jurisdiction.    At the trial there was evidence that plaintiff, while a passenger on defendant's car, was assaulted by defendant's conductor.    A complaint could have been framed according to this evidence against the defendant for damages for breach of contract, and of such an action the Municipal Court would have had jurisdiction, for the assault, according to the evidence, was not that of the defendant, but solely that of the conductor, for it did not appear that the conductor acted in the course of his work, and within the scope of his employment.    There is an implied contract on the part of a common carrier that its employés will not subject the passengers to unlawful violence, and when an employé does so subject a passenger he has a right of action for breach of contract, in which compensation for the injuries caused by the assault will ordinarily be the measure of damages. In view of the fact that all evidence bearing upon the doings of the plaintiff and the conductor at the time in question which the parties were able to present was received, and that, according to the justice of the case, without regard to technical errors or defects which do not affect the merits, the complaint can be amended so as to conform to the proof, and that the amendment will be in support of the judgment, the complaint is amended accordingly, and the judgment

will be affirmed, with costs. Section 166 of the Municipal Court act (page 1542) requires the court to allow a pleading to be amended at any time if substantial justice will be promoted thereby. See, also, Shirtcliffe v. Wall, 68 App. Div. 375, 74 N. Y. Supp. 189, Hawes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798; and section 326 (page 1583) extends that requirement by implication to the appellate court.

SCOTT, P. J., concurs.

MacLEAN, J. (concurring). The plaintiff alleged that on or about September 5, 1904, he was a passenger of the defendant for hire, and, while such, the defendant, by and through its agents, servants, and employés, wrongfully, unlawfully, and forcibly assaulted him. Literally this is within the inhibition of subdivision 14 of section 1 of the Municipal Court act (Laws 1902, p. 1489, c. 580), and not within the jurisdiction of that court. But in Hines v. Dry Dock, E. B. & B. R. R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170, upon an oral complaint for personal injuries, amplified by particulars to the effect that the plaintiff boarded a car of the defendant and tendered his fare, that the conductor refused to take it, and without cause or provocation assaulted the plaintiff, it was held that "the cause of action was founded upon the contract between passenger and carrier, and the liability of the defendant arose from the breach thereof," and was not within the purview of subdivision 2 of section 1364 of the Greater New York Charter (Laws 1901, p. 579, c. 466). In deference thereto, and under similar pleading, I am of opinion that the judgment herein should be affirmed, without resort to further refinement of interpretation.