LOUIS ARKIN, Respondent, v. THE INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, tenth district, borough of Manhattan.

G. R. Coughlan, for appellant.

F. Herwig, for respondent.

GILDERSLEEVE, J. The plaintiff, while a passenger on defendant's elevated railroad, was assaulted and thrown off the car by the defendant's guard. There is abundant evidence to sustain the finding of the jury in favor of the plaintiff, and the amount of the damages is not excessive. The only question to be considered is the jurisdiction of the Municipal Court.

The Municipal Court has no jurisdiction over actions to recover damages for an assault and battery. Mun. Ct. Act, § 1, subd. 14. In the case at bar, the guard first wrongfully pushed the plaintiff into the car, then assaulted him, and then pushed him off the car two stations below the one at which plaintiff boarded the car. It seems to us that the case of Hart v. Metropolitan St. Ry. Co., 65 App. Div. 493, is controlling in the case at bar. The court there say:

" The defendant's servants in the conduct of the cars intrusted to their care are discharging the duty which the defendant owes to the public and to its passengers, and if the gripman or the conductor negligently or willfully pushes such passengers from the cars, from which act injuries result, the plaintiff is entitled to damages, and the conduct of the defendant's servants cannot be transformed into a mere personal assault for the purpose of defeating the jurisdiction of the Municipal Courts, which are peculiarly competent to grant that relief which such cases demand. * * * It (defendant) undertook to protect its passengers, and the plaintiff, having become a passenger, has a right to look to the defendant for any damages which he may have suffered, and the assault of the individual becomes merely a part of the negligence of the defendant in the discharge of its duty to the plaintiff."

The case of Busch v. Interborough Co., 93 N. Y. Supp. 372, upon which defendant relies, can be distinguished from the case at bar.

The judgment must be affirmed with costs.

Scott, J., concurs; MacLean, J., taking no part.

Judgment affirmed, with costs.