ARKIN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   November 24, 1905.)

COURTS—MUNICIPAL COURTS—JURISDICTION—ASSAULT AND BATTERY OR NEGLI-
GENCE.

An action by a passenger against an elevated street railway company
for the act of its guard, who wrongfully pushed him into the car, then
assaulted him, and further on pushed him off the car, is not for assault
and battery, of which the Municipal Court has no jurisdiction; but for
negligence of defendant in the discharge of its duty to plaintiff as a
passenger.

Appeal from Municipal Court, Borough of Manhattan, Tenth Dis-
trict.

Action by Louis Arkin against the Interborough Rapid Transit
Company.   From a judgment for plaintiff, defendant appeals.   Af-
firmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-
LEAN, JJ.

G. R. Coughlin, for appellant.

F. Herwig, for respondent.

GILDERSLEEVE, J.   The plaintiff, while a passenger on de-
fendant's elevated railroad, was assaulted and thrown off the car by
the defendant's guard.   There is abundant evidence to sustain the
finding of the jury in favor of the plaintiff, and the amount of the
damages is not excessive.   The only question to be considered is the
jurisdiction of the Municipal Court.

The Municipal Court has no jurisdiction over actions to recover dam-
ages for an assault and battery.   Municipal Court Act, Laws 1902, p.
1489, c. 580, § 1, subd. 14.   In the case at bar the guard first wrong-
fully pushed the plaintiff into the car, then assaulted him, and then
pushed him off the car two stations below the one at which plaintiff
boarded the car.   It seems to us that the case of Hart v. Metropolitan
Street Railway Co., 65 App. Div. 493, 72 N. Y. Supp. 797, is control-
ling in the case at bar.   The court there say:

"The defendant's servants in the conduct of the cars intrusted to their
care are discharging the duty which the defendant owes to the public and
to its passengers, and if the gripman or the conductor negligently or willfully
pushes such passengers from the cars, from which act injuries result, the
plaintiff is entitled to damages, and the conduct of the defendant's servants
cannot be transformed into a mere personal assault, for the purpose of de-
feating the jurisdiction of the Municipal Courts, which are peculiarly com-
petent to grant that relief which such cases demand.   *   *   *   It [defendant]
undertook to protect its passengers, and the plaintiff, having become a pas-
senger, has a right to look to the defendant for any damages which he may
have suffered, and the assault of the individual becomes merely a part of the
negligence of the defendant in the discharge of its duty to the plaintiff."

The case of Busch v. Interborough Co. (Sup.) 93 N. Y. Supp. 372,
upon which defendant relies, can be distinguished from the case at
bar.

The judgment must be affirmed, with costs.

SCOTT, P. J., concurs.   MacLEAN, J., taking no part.