Emanuel A. Busch, Respondent, *v.* Interborough Rapid
Transit Company, Appellant.

Common Carriers — Action for Assault upon Passenger by
Employees of Street Railway Company — When Allegations of
Complaint Therein Constitute Cause of Action for Breach of
Defendant's Contract to Carry Passenger Safely. Where it is
alleged, in an action brought against a street railway company, that the
plaintiff became a passenger of the defendant for the purpose of being
carried upon one of its cars; that, in consideration of the required fare
duly paid by the plaintiff, the defendant agreed to carry him safely and
treat him properly, and that, in violation of such contract, the defendant,
through its agents and employees, wrongfully and illegally maltreated
and assaulted the plaintiff, the complaint states facts which constitute a
cause of action for a breach of a contract between the defendant and the
plaintiff, and not a cause of action for a tort, and it is no bar or answer to
such cause of action that an action for tort might have been, and ordi-
narily would be, brought for the acts of which the plaintiff complained;
the Municipal Court of the city of New York has, therefore, jurisdiction
of the action; and where a judgment for plaintiff, entered upon the verdict
of a jury, has been unanimously affirmed by the Appellate Division, it
must be assumed that there was evidence to support the verdict, and, in
the absence of some objection thereto, it also may be presumed that such
evidence was in accordance with, and in support of, the allegations of the
complaint.

*Busch* v. *Interborough Rapid Transit Co.*, 110 App. Div. 705, affirmed.

(Argued January 15, 1907; decided February 19, 1907.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Feb-
ruary 6, 1906, upon an order reversing a determination of the
Appellate Term which reversed a judgment in favor of plaintiff
entered upon a decision of the Municipal Court of the city
of New York.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Joseph H. Adams, Charles A. Gardiner, J. Osgood Nich-
ols, Alfred E. Mudge* and *Theodore L. Waugh* for appellant.
This is an action to recover damages for personal injuries
arising from an alleged willful assault and false imprisonment,

and is one of which the Municipal Court is expressly denied jurisdiction. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Cooper* v. *Reynolds*, 10 Wall. 308; *Hughes* v. *Cuming*, 165 N. Y. 91; *Grover* v. *Gould*, 20 Wend. 227; *Wade* v. *Kalbfleisch*, 57 N. Y. 282.) This is an action to recover damages for willful tortious personal injury, an assault and battery. (*Priest* v. *H. R. R. R. Co.*, 65 N. Y. 589; *Feeney* v. *B. C. Ry. Co.*, 36 Hun, 197; *Stewart* v. *B. & C. R. R. Co.*, 90 N. Y. 588; *Webber* v. *H., etc., R. R. Co.*, 109 N. Y. 311.) Such an action cannot be both in tort and contract, nor can its nature be divided, limited or changed. (*Austin* v. *Rawdon*, 44 N. Y. 71; *Ross* v. *Mather*, 51 N. Y. 108; *Burnham* v. *Walkup*, 54 N. Y. 656; *Truesdell* v. *Bourke*, 145 N. Y. 612; *Wilson* v. *H. L. S. Co.*, 153 U. S. 39; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382; *Matthews* v. *Cady*, 61 N. Y. 651; *Dudley* v. *Scranton*, 57 N. Y. 424; *Lockwood* v. *Quackenbush*, 83 N. Y. 607.)

*Charles Goldzier* for respondent. The Municipal Court had jurisdiction of the present action. (*Hart* v. *M. St. Ry. Co.*, 65 App. Div. 493; *Hines* v. *M. St. Ry. Co.*, 75 App. Div.' 391; *Rein* v. *B. H. R. R. Co.*, 94 N. Y. Supp. 636; *Gillespie* v. *B. H. R. R. Co.*, 178 N. Y. 347; *Stewart* v. *B. & C. I. R. R. Co.*, 90 N. Y. 588; *Eddy* v. *T. A. R. R. Co.*, 53 N. Y. 25; *Miller* v. *King*, 166 N. Y. 394; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382; *Johnson* v. *Gerdwood*, 7 Misc. Rep. 651; *Graves* v. *Waite*, 59 N. Y. 156; *Sparman* v. *Keim*, 83 N. Y. 245.)

Hiscock, J. This action was brought to recover damages for defendant's failure to properly transport plaintiff over its road in the city of New York. The real, substantial element of damages is an alleged assault upon and maltreatment of plaintiff by one of defendant's employees after the former had passed through the gateway on to the platform of one of defendant's stations for the purpose of taking a train, and the sole question is whether the action is one of contract or of

tort.    This inquiry is of controlling importance, since the Municipal Court where the cause originated had jurisdiction of an action of the former character and did not have jurisdiction of one of the latter kind.

I think that the learned Appellate Division correctly held that the action was one in contract and that plaintiff's judgment should be affirmed.

Naturally the first and most important step to be taken in determining this question is an examination of the complaint. The allegations of this which are important read as follows: "*Second.* That on the 7th day of January, 1905, this plaintiff became a passenger of the defendant for the purpose of being carried upon one of its cars  *  *  *  and in consideration of the sum of five cents (5c.) duly paid by this plaintiff to the defendant, the defendant promised and agreed safely to carry this plaintiff and to treat him properly and carefully.

" *Third.*  *  *  *  That the defendant through its agents and employees, wrongfully, illegally and in violation of the terms of said contract, assaulted the plaintiff," etc.

The trial proceeded under this complaint, and evidence was produced which, without recapitulating it, is assumed upon this appeal to have been in accordance with and in support of the allegations of the complaint.    In the presence of a unanimous affirmance we must assume that there was evidence to support the verdict and, in the absence of some objection, we may presume that such evidence followed the pleadings.

Therefore we have the allegations established by proof of a promise and agreement to do certain things, of the violation of the "terms of said contract," and of the manner in which the violation occurred.    These allegations, in so far as they affect the point under consideration, are not modified or supplanted by any others, and I fail to see how a complaint could much more directly impress upon an action the character of one in contract than does the pleading before us.    It certainly was possible for the defendant to make a contract "safely to carry this plaintiff and to treat him properly and carefully," and we must accept the allegation that it did so.    Having

done this it was possible for it to commit a "violation of the terms of said contract," and this is properly alleged. And finally there is no room for doubt or need for authorities that all or some of the wrongful acts of defendant's servant which are alleged as constituting such violation did in fact amount to a breach of the alleged specific contract "to safely carry" plaintiff and to "treat him properly and safely." Nothing more occurs to the mind in the way of allegations which was necessary to establish the character of the action as one for contract which had been broken to plaintiff's damage.

Probably little or no doubt would have arisen as to the form of the complaint or the nature of the action if there had been alleged and proved some act constituting a familiar breach of contract; but the fact that this action was brought to recover damages largely caused by acts ordinarily treated as torts has cast a suspicion upon its character which, however natural, is not confirmed by legal analysis.

It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts really complained of. The dividing line between breaches of contract and torts is often dim and uncertain. There is no definition of either class of defaults which is universally accurate or acceptable. In a general way a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties, although it may sometimes have relation to obligations growing out of or coincident with a contract, and frequently the same facts will sustain either class of action. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382, 390.)

And so while it may be conceded that, independent of any express promise or agreement, the defendant would have been subject to duties and obligations in favor of plaintiff, the violation of which by the acts complained of in this case would have amounted to a tort, that is not at all decisive that this action was not and could not be brought in contract.

Independent of what seems to be the plain logic of the case, the question before us appears to be fairly well settled by authority.

Thompson on Negligence (Sect. 3186) says : " A carrier is liable absolutely as an insurer for the protection of a passenger against assaults and insults at the hands of his own servants, because he contracts to carry the passenger safely and to give him decent treatment en route. Hence, an unlawful assault or an insult to a passenger by his servant is a violation of his contract by the very person whom he has employed to carry it out."

*Hart* v. *Metr. St. Ry. Co.* (65 App. Div. 493) was brought in Municipal Court to recover damages directly caused by an assault by one of defendant's employees. The argument was made as here that the court was without jurisdiction because the action was for assault. The pleadings were oral and not of assistance in determining the question, so that resort was had to the proofs. Upon these the court held that the action should not be treated as one of assault, but rather as one brought to recover damages for the neglect of the defendant to discharge its obligation as a carrier of passengers.

*Hines* v. *Dry Dock, E. B. & B. R. R. Co.* (75 App. Div. 391) also was brought to recover damages resulting from the assault of an employee. The complaint was oral and was " for personal injuries." It was held that the action was not to be regarded as one for assault but rather for breach of contract caused by the misconduct of the defendant's servant.

In *Miller* v. *King* (84 Hun, 308) damages were sought for the unlawful ejection of plaintiff from one of defendant's cars while he was a passenger, and it was held " that there was a plain breach of contract of which the ticket was evidence."

*Stewart* v. *Brooklyn & C. T. R. R. Co.* (90 N. Y. 588) was an action to recover damages by reason of the alleged malicious and unjustifiable assault made upon the plaintiff by one of defendant's employees, and it was said that " by defendant's contract with the plaintiff it had undertaken to carry him

safely and to treat him respectfully;" that the conduct of the employee constituted a breach of the contract; that "it is the defendant's failure to carry safely and without injury that constitutes the breach, and it is no defense to say that the failure was the result of the willful or malicious act of the servant."

The case of *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.* (120 N. Y. 117) was brought to recover damages which in reality resulted from an assault by one of defendant's alleged employees. An inspection of the complaint discloses that it was in contract, being expressly based upon the allegations that "defendant contracted and agreed and it became the duty of defendant to safely convey plaintiff," etc., and that the assault in question was a violation by defendant of "its said contract as common carrier with plaintiff." While the form of action was not under consideration, still the court took as the basis for its opinion the proposition that the defendant was under "contract obligations" and assumed that the assault was a violation of that contract, provided the defendant was responsible for the acts of the alleged employee who committed it.

*Gillespie* v. *Brooklyn Heights R. R. Co.* (178 N. Y. 347) was brought to recover damages for insulting, abusive and wrongful conduct towards plaintiff by one of defendant's conductors. The complaint was colorless upon the question whether the action was one in contract or for tort, merely setting up the facts relied upon. At the trial court plaintiff was only allowed to recover as the measure of her damages the change which she claimed to be due her. Upon appeal to the Court of Appeals this was held erroneous and she was allowed to recover compensatory damages for humiliation and injury to her feelings. Judge Martin, in his carefully considered opinion, assumed and repeatedly in one form or another affirmed the doctrine that plaintiff was entitled to recover either upon the theory of a tort or a breach of contract. He said that the misconduct of the employee was "obviously a breach of the defendant's contract and of its

duty to its passengers." He quoted with approval Thompson on Negligence to the effect that an unlawful assault upon or an insult to a passenger by the carrier's servant is a violation of its contract, and finally approves by quoting it the rule laid down in Sedgwick on Damages that any person rightfully on the cars of a railroad company is entitled to protection by the carrier and that for any breach of its duty an action may be had either in tort or for breach of the contract.

Many other cases I believe may be cited which are in accord with the doctrine outlined in the above authorities. It is possible that at times the court or the text writer may not have had present in mind the somewhat shadowy distinction sometimes drawn in the case of a common carrier between its contract obligations and its legal duties. It is also true that the learned counsel for the appellant has cited us to one or two authorities seeming to him to establish a contrary doctrine to that here adopted, and has attempted to distinguish the cases above referred to from the one at bar. But considering all that has been called to our attention, it seems to me that the great weight of authority is plainly in favor of the proposition that an action as for a breach of contract may be laid upon the facts alleged and proved in this case, and that the action before us is much stronger for the plaintiff upon this point than most of those referred to because the complaint plainly and completely adopts the form of an action upon contract rather than of tort.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WERNER and CHASE, JJ., concur.

Judgment affirmed.