(53 Misc. Rep. 289)

## SCHWARTZ v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. March 14, 1907.)

1. COURTS—MUNICIPAL COURT—JURISDICTION.

The Municipal Court of the city of New York has no jurisdiction of an action for an assault and battery.

2. CARRIERS—ACTION—COMPLAINT—CONSTRUCTION.

A complaint showing that plaintiff became a passenger on defendant's car, and that the servants of defendant, without cause and in violation of their duty, assaulted plaintiff, was upon a cause of action consisting of the violation of defendant's contract to carry safely.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Peter Schwartz against the Interborough Rapid Transit Company. Appeal by defendant from a judgment in favor of plaintiff. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HEND-RICK, JJ.

Charles A. Gardiner (G. Carleton Goldthwaite, of counsel), for appellant.

Steiner & Petersen (Jerome Steiner, of counsel), for respondent.

DAVIS, J. Appeal from judgment rendered in the Municipal Court in favor of plaintiff for $278.75. The action was brought to recover damages for personal injuries. The defendant claims that the action was for damages resulting from an assault upon plaintiff by the defendant's servants. In such a case the Municipal Court has no jurisdiction, and the judgment should be reversed.

Interpreting this complaint in the light of the decision of the Court of Appeals in the case of Busch v. Interborough R. T. Co. (decided January 26, 1906) 96 N. Y. Supp. 747, 110 App. Div. 705, it will appear clearly that the cause of action set forth is the violation of defendant's contract to carry safely. The complaint sets forth facts showing that the plaintiff became a lawful passenger, and then proceeds to state that the servants of the defendant, while acting as such servants, without cause or provocation and in breach and violation of the duties and obligations of the defendant towards the plaintiff, assaulted the plaintiff, etc. The action was for a breach of contract, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.