(54 Misc. Rep. 115)

### PITT v. DUNLAP.

(City Court of New York, Special Term. April, 1907.)

DISCOVERY—PHYSICAL EXAMINATION—ACTION FOR BREACH OF PROMISE.

Code Civ. Proc. § 873, provides that in an action to recover for personal injury, if defendant shall present satisfactory evidence that he is ignorant of the nature of the injuries complained of, an order for physical examination shall be made. Section 3343, subd. 9, declares that personal injury includes libel, slander, criminal conversation, seduction, malicious prosecutions; also an assault, etc., or other actionable injury to the person of the plaintiff. *Held*, that an action for breach of promise to marry, though seduction and pregnancy were alleged as grounds of damage, was not an action for personal injury, within the meaning of section 873, and hence the court was without authority to order the physical examination of plaintiff.

Action by Florence S. Pitt against William Allen Dunlap for breach of promise to marry. Motion to vacate order requiring a physical examination of plaintiff. Motion granted.

Chester A. Bayles, for plaintiff.
R. Floyd Clarke, for defendant.

GREEN, J. This is an action brought to recover $25,000 damages for alleged breach of contract of marriage, and in which action the complaint alleges the seduction of the plaintiff by the defendant and an allegation that the plaintiff is pregnant with child by the defendant. The answer admits the sexual intercourse, denies the promise of marriage, and sets up as a partial defense the previous unchastity of the plaintiff and the fact that in the year 1900, after a charge made by the plaintiff that she was pregnant by the defendant, he paid her a sum of money and obtained a release and a covenant not to sue. Issue has been joined and the case is now upon the general calendar of the court.

On the 14th day of March, 1907, the defendant, through his counsel, obtained an ex parte order, signed by one of the justices of this court, upon affidavits, requiring the plaintiff to submit to a physical examination as to her condition, and further requiring the defendant

to be examined concerning her signature to the release set up in the partial defenses. On the 23d day of March an order to show cause was obtained by the plaintiff, requiring the defendant to show cause why the order originally granted herein should not be vacated and set aside upon the principal ground (though others were averred) that the court was without jurisdiction to grant the order for the physical examination; this being an action for breach of contract, and not an action for personal injuries. The defendant insists upon his right to the order requiring the physical examination, contending that the action, though brought for breach of promise of marriage and seduction, is an action for a personal injury, and consequently, if it be such, that he is entitled to such a physical examination under section 873 of the Code of Civil Procedure. The plaintiff contends, however, that the action is for breach of contract, and that, though the evidence of seduction is admissible in aggravation of damages, the action cannot be considered an action for personal injury, and consequently the order for the physical examination should be vacated.

Section 873 of the Code of Civil Procedure, in regard to physical examinations, provides as follows:

"In every action to recover damages for personal injuries, the court or judge, in granting an order for the examination of the plaintiff before trial, may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination. * * * In any action brought to recover damages for personal injuries, where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court or judge shall order that such physical examination be made."

The question is now presented: Is the action for damages for breach of contract of marriage with seduction and pregnancy alleged as grounds of damage an action for a personal injury? Section 3343 of the Code of Civil Procedure defines a personal injury or what is included in a personal injury as follows:

"Subd. 9. A personal injury, includes libel, slander, criminal conversation, seduction and malicious prosecutions; also an assault, battery, false imprisonment or other actionable injury to the person either of the plaintiff or of another."

It is evident that an action for seduction would be an action for a personal injury within the meaning of the Code as included in subdivision 9 of section 3343, but it must be remembered that there may be a seduction and no promise to marry, and, again, there may be a breach of promise to marry and no seduction. In the former it would clearly be an action for a personal injury, and in the latter it is equally plain it would be an action for a breach of contract. It is true that the action for breach of contract of promise of marriage bears many of the earmarks of an action for personal injury. It is a personal action, personal to the party aggrieved. It does not survive, and it is not assignable, yet it is not a personal injury.

Section 549 of the Code of Civil Procedure, which provides for orders of arrest, is somewhat illuminative of the nature and character of the action, and the distinction is drawn by the Legislature between actions for breach of promise to marry and an action for a personal

injury. That section provides for an order of arrest in actions "(2) to recover damages for a personal injury. * * * breach of promise to marry; * * *" and subdivision 4 of the same section provides for an order of arrest, which may be obtained "in an action on contract, express or implied, other than a contract to marry," where fraud, etc., is alleged in contracting the liability. The Legislature has thus, it may be said, declared that an action for a breach of promise of marriage is not an action for a personal injury. The Court of Appeals in a recent case (Busch v. Interborough R. T. Co., 187 N. Y. 391, 80 N. E. 197), in an action for breach of contract of carriage of a passenger who was assaulted and beaten by an employé of defendant, used language which may well be adopted as applicable to the case at bar. The court said:

"Probably little or no doubt would have arisen as to the form of the complaint or the nature of the action if there had been alleged and proved some act constituting a familiar breach of contract; but the fact that this action was brought to recover damages largely by acts ordinarily treated as torts has cast a suspicion upon its character which, however natural, is not confirmed by legal analysis. It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts already complained of. The dividing line between breaches of contract and torts is often dim and uncertain. There is no definition of either class of defaults which is universally accurate or acceptable. In a general way a tort is distinguished from a breach of contract, in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties. Although it may sometimes have relation to obligations in favor of * * * plaintiff, the violation of which by the acts complained of in this case would have amounted to a tort, that is not at all decisive that this action was not and could not be brought on contract."

By a parity of reasoning, while the action at bar has nearly all the attributes of an action for personal injury, it is nevertheless an action on contract, or rather for a breach thereof. Having arrived at this conclusion, the order for the physical examination of the plaintiff cannot stand; there being no authority or law to sustain it. As to that portion of the order requiring the plaintiff to submit to an examination in reference to ascertaining whether or not plaintiff admits or denies the release was signed by her, I am of the opinion that the authorities are against the proposition allowing such examination. The motion to vacate the order heretofore granted requiring the plaintiff to submit to a physical and oral examination is therefore granted, with $10 costs.

Motion granted, with $10 costs.