CORNELIUS LYNCH, Respondent, v. THE SYRACUSE RAPID
TRANSIT RAILWAY COMPANY, Appellant.

(County Court, Onondaga County, March, 1910.)

Assault and battery — Civil liability — Pleading — Complaint.
Cause of action — Character of cause of action — Ex contractu or ex
delicto.

> The breach of a contract in combination with other facts may
> constitute a tort; and, while it may be difficult to determine which
> cause of action is pleaded, the distinction, nevertheless, exists.
>
> A complaint, alleging that plaintiff was lawfully riding as a
> passenger on one of the cars of the defendant, having properly
> paid his fare as a passenger; that, without any lawful excuse,
> cause or reason, he was forcibly and improperly ejected from the
> car by the defendant's agent and further alleging facts in aggra-
> vation of damages, indicates that the pleader had in mind some-
> thing different and additional to a mere breach of a contract to
> carry, and states an action for assault and battery; and, where
> plaintiff obtains a verdict of twenty-five dollars and enters judg-
> ment therefor and costs are taxed by the clerk at twenty-five
> dollars, under section 3228(3) of the Code of Civil Procedure, a
> motion to vacate the taxation of costs and set aside the judgment
> will be denied.

APPEAL by the defendant from the taxation of costs by
the county clerk, and also an order is asked vacating and
setting aside the judgment heretofore entered in favor of the
plaintiff.

Gannon, Spencer & Michell, for appellant.

Richard J. Shanahan, for respondent.

Ross, J.  The plaintiff brought an action against the
defendant for damages occasioned by being ejected from
one of the defendant's cars while a passenger thereon.  The
plaintiff obtained a verdict of twenty-five dollars, for which
amount he entered judgment and obtained a taxation of his
costs by the clerk at twenty-five dollars, claiming that the
action is one for assault, or battery, and that he is entitled
to costs pursuant to the provisions of subdivision 3 of sec-
tion 3228 of the Code of Civil Procedure.  The defendant

claims that the action is in contract, and that, the plaintiff not having recovered fifty dollars, the defendant is entitled to costs.   That part of the complaint which requires construction is as follows: "III. That on the 2nd day of August, 1908, between 7 P. M. and 7:30 P. M. of said day, while this plaintiff was lawfully riding as a passenger upon one of the cars of this defendant bound for the city of Syracuse, this plaintiff having properly paid his fare as a passenger upon said car, and without any lawful excuse, cause or reason whatsoever, he was, at or near the corner of Sedgwick and Elm Streets, by the conductor of the car in question, acting as agent for this defendant at the time, forcibly and improperly ejected from said car to his great damage as hereinafter mentioned."

The defendant, in failing to perform the conditions of a contract to which he is a party, may also be liable for a wrong to the person and property of the plaintiff.   In the former case it is the failure to perform its agreement, but in the latter case it is a careless and wrongful performance or failure to perform.   In other words, the position a defendant occupies as a contracting party does not render him immune to the consequences of a wrong which he may do to the party with whom he has contracted, and the same facts may show a liability both in a contract and a tort.

It is frequently difficult to determine what the pleader intended when he has an election between an action in contract and tort.   This is especially true when the contract is implied, when the breach of the promise inferred by law arises from acts or omissions tortious in their nature.   See Pom. Rights & Remedial Remedies (1st ed.), § 567.   One case (Booth v. Farmers' Mech. Bank, 1 T. & C. 45) proposed that a certain test to determine when a plaintiff has waived the tort is by expressly alleging a promise to have been made by the defendant; but this statement has been questioned.   See Pom. Rights & Remedial Remedies, § 572. I think that the complaint in this action is in tort for the following reasons:

(a) There is no allegation in terms of any contract or promise or undertaking by the defendant.   The complaint

simply states that the plaintiff was lawfully riding as a passenger upon one of the cars of the defendant, having properly paid his fare as a passenger upon said car; and then follows the allegation that, without any lawful excuse, cause or reason, he was forcibly and improperly ejected from the car by the defendant's agent.

(b) There is an allegation of facts in aggravation of damages; the presence of a number of people, the humiliation and disgrace occasioned to plaintiff. This allegation tends to show that the pleader had in mind something different and additional to a mere breach of a contract to carry. The breach of a contract in combination with other acts and conditions may give rise to a tort; and, while it may be difficult to determine which is alleged, the distinction, nevertheless, exists. See Rich v. N. Y. C. & H. R. R. Co., 87 N. Y. 390. The allegation relative to humiliation and disgrace is inconsistent with the idea of a claim for a simple violation of a contract obligation, which in and of itself has none of these elements.

(c) There is an allegation that the plaintiff was not guilty of any carelessness or misconduct which in any way caused or contributed to the occurrence. While this allegation is unnecessary in an action for assault, or battery, it is entirely out of place in an action upon contract, and in which the only allegations required would be a statement of the terms of the contract and its violation.

(d) While not controlling, this is evidently the view the defendant's attorneys took of the complaint at the time of answering, because we find in the answer an allegation that the damages, if any, were caused or contributed to by the carelessness and misconduct of the plaintiff. This is apparently alleged, not as an excuse for not performing its, contract, but as a reason for not being liable for the damages, if any, which occurred. I have more doubt whether the complaint states an action for assault and battery, or an action in tort for the violation of the general duty the defendant owed to the plaintiff. If the latter, it is not named in subdivision 3 of section 3258 of the Code of Civil Procedure; but the basis of the plaintiff's claim seemed to rest, not upon

the contract of carriage, but upon his forcible removal from the car; and perhaps this is indicated legally as effectually by the words used as if the allegation had been that he was removed with force and arms, or with great force and vio-lence, etc. The case of Busch v. Interborough Rapid T. Co., 187 N. Y. 388, relied upon by the defendant, while dealing with the same general subject, is not in point, for the reason that the complaint contained an allegation clearly upon contract. " That on the 7th day of January, 1905, this plaintiff, became a passenger of the defendant for the purpose of being carried upon one of its care * * * and, in consideration of the sum of five cents (5c) duly paid by this plaintiff to the defendant, the defendant *promised and agreed* safely to carry this plaintiff and to treat him properly and carefully. * * * That the defendant through his agents and employees, wrongfully, illegally and in *violation of the terms of said* contract assaulted the plaintiff." (The italics are mine.) Here we have a plain statement of a contract and its violation as a cause of action.

Motion to vacate the taxation of costs and to set aside the judgment heretofore entered in favor of the plaintiff denied, with ten dollars costs.