### GOMBERT v. SCHANE.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. APPEAL AND ERROR ⬤═888—PLEADINGS—PROOF—AMENDMENT TO CONFORM TO PROOF.

An amendment of the pleadings to conform to the proof may be had in a proper case on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3617–3619; Dec. Dig. ⬤═888.]

2. NEW TRIAL ⬤═71—GROUNDS—INSUFFICIENCY OF EVIDENCE.

A verdict on sharply conflicting evidence, not against the weight of the evidence, rendered under a fair charge, cannot be set aside, and a new

trial granted, in the absence of reversible error during the trial, or anything to show that the jury were actuated by prejudice, favor, or bias.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. ☞71.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William Gombert against David Schane. From an order setting aside a verdict for plaintiff, and ordering a new trial, plaintiff appeals. Reversed, and judgment reinstated.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Wing & Wing, of New York City (George S. Wing, of New York City, of counsel), for appellant.

Chas. J. Katzenstein, of New York City, for respondent.

GUY, J. This action was brought to recover the sum of $400 paid towards the purchase price of an automobile, and also for the amount expended by the plaintiff in making certain repairs thereon. Plaintiff made an agreement with defendant to purchase of defendant a Pullman limousine. The price agreed to be paid was $500, of which $400 was paid down and the balance secured by the pledge of some jewelry.

Much time was taken up at the trial in showing just what the terms of this agreement were, but both sides concede that the plaintiff, claiming that the car was not as represented and unfit for use, returned it to the defendant, who accepted the return of the same and returned to plaintiff the jewelry pledged, but retained the $400. Upon the return to defendant of the first automobile, the plaintiff agreed to purchase another machine, and the sum of $400, then in the hands of the defendant, was agreed upon as the amount to be paid by plaintiff for the second machine. At this point the claims of the parties radically differ. Plaintiff claims that he was only to accept the second machine, which was a second-hand machine, upon the express condition that it could be repaired and made so that it would comply with the requirements of the license bureau, in order that a license could be obtained from that office enabling the plaintiff to use the machine for a taxicab. The defendant claims that the plaintiff took the second machine at his own risk, agreeing to accept the same without condition for the amount of money then in defendant's hands. This question of fact was sharply contested, and submitted to the jury in a very fair charge by the trial justice, and their verdict was rendered in favor of the plaintiff. Judgment was entered thereon on March 9, 1910.

On March 15, 1915, the defendant moved to be allowed to amend his pleadings to conform to the proof, which motion was denied. Upon a motion made returnable on March 12th, the defendant moved for leave to renew his motion made, at the rendition of the verdict, for a new trial, and upon April 6, 1915, an order was entered granting such motion, and a new trial was ordered. It is claimed by re-

spondent that the motion was granted on March 29, 1915, and there is an indorsement on the summons to that effect; but there is nothing to show such an order was entered in the docket, and the Municipal Court rules expressly provide that a formal order may be entered by either party after the decision of a motion, and that is what was done in this case.

[1] It does not appear upon what ground the learned trial justice vacated the judgment and set aside the verdict. There is not the slightest reason appearing after a careful examination of the minutes. It was, as before stated, purely a question of fact. The complaint set up facts which, if found in favor of the plaintiff and based upon competent proof, required the return of the money in defendant's hands. There was no necessity for an amendment of the pleadings to conform to the proof, although, if necessary, that may be done in a proper case upon appeal. Rein v. Brooklyn Heights R. Co., 47 Misc. Rep. 675, 94 N. Y Supp. 636.

[2] The jury found that there was no actual sale and delivery of the last car to plaintiff, and that he always refused to accept the car unless it was made able to pass the license bureau, and it is undisputed that several trials were had with an official of that bureau present, but it always failed to meet such requirements. There is not the slightest reason for saying that the jury were actuated by prejudice, favor, or bias, and neither was its verdict against the weight of evidence, nor was reversible error committed on the trial.

Order is reversed, with costs, and judgment reinstated. All concur.